ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DEC 2 9 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| **JOYCE MARIE GRIGGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **CIVIL ACTION** |
| | ) **FILE NO.** _____ - 3147 |
| **AMERIQUEST MORTGAGE** | ) |
| **COMPANY, and JOHN DOES 1-10,** | ) **CAP** |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Ameriquest Mortgage Company ("Ameriquest") and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby gives notice of the removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Removal, Ameriquest respectfully shows the Court as follows:

### I. INTRODUCTION

This case is property removable because federal question jurisdiction exists, and because there is complete diversity of citizenship between the parties and it is apparent from the Complaint that the amount in controversy exceeds $75,000.00. Federal question

228956

jurisdiction exists because the Complaint raises substantial questions of federal law. While the Complaint fails to specifically state any federal statutes in connection with the claims she asserts, the allegations in the Complaint appear to allege violations of one or more of the following federal statutes: the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); the Truth-in-Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA"); the Fair Debt Collection Practices Act, 42 U.S.C. §§ 1092, et seq. ("FDCPA"); and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). Plaintiff's remaining state law claims form part of the same case or controversy as Plaintiff's claims arising under federal law, thereby allowing this Court to exercise supplemental jurisdiction over them. In addition, because Plaintiff is a citizen of Georgia and Ameriquest, the only non-fictitious named defendant, is a citizen of both Delaware and California, and because it appears from the Complaint that the amount in controversy exceeds $75,000.00, this Court also has original jurisdiction over this action based on complete diversity of citizenship.

## II. PROCEDURAL HISTORY AND PLAINTIFF'S FACTUAL ALLEGATIONS

On April 7, 2006, Plaintiff Joyce Marie Griggs ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of Fulton County, Georgia, Civil Action File No. 2006-CV-115131. Plaintiff waited seven months to serve Ameriquest on November 29, 2006. While Plaintiff's Complaint is void of any specifically enumerated counts

and/or claims and is very difficult to comprehend, Plaintiff appears to assert a host of claims against Ameriquest, including possible claims for alleged (1) negligent hiring/supervision; (2) false advertising; (3) failure to honor a rescission of a loan; (4) credit defamation; (5) deceptive and unfair business practices; (6) fraud; (7) falsifying a loan application; (8) violation of "federal and state predatory lending" laws; (9) breach of contract; (10) race/gender discrimination; (11) intentional infliction of emotional distress; (12) RICO; (13) unjust enrichment; and (14) injunctive relief to prevent the foreclosure of Plaintiff's home. (See generally Plaintiff's Complaint). All of Plaintiff's claims against Ameriquest are brought in connection with a mortgage loan she obtained from Ameriquest in the principal amount of $382,500.00 on or about January 20, 2006 (the "Loan").[1]

## III. **FEDERAL QUESTION JURISDICTION**

This action is properly removable because federal question jurisdiction exists. The federal removal statutes expressly provide that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §

---

[1] This information is not provided in Plaintiff's Complaint. Ameriquest has reviewed its own financial records to determine Plaintiff's loan information.

1441(a).  The removal statutes further provide that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).  District Courts shall have original jurisdiction of all civil actions asserting claims or protecting rights that arise under federal law.  28 U.S.C. § 1331.  In determining whether this action is properly removable, the Court must look to the allegations set forth in the Complaint to see whether Plaintiff has attempted to state claims or assert rights arising under federal law. See Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1360-61 (N.D. Ga. 2001)(citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)("The true question presented is whether the plaintiff could properly file this complaint in federal court").

Here, while the Complaint is void of any specific reference to any federal statutes, she does generically invoke "federal law," and the conduct complained of by Plaintiff is governed by at least four federal statutes.  Plaintiff appears to attempt to assert claims for alleged violations of the FCRA, TILA, FDCPA, and RICO.  Plaintiff's allegation that Ameriquest allegedly furnished certain credit bureaus with inaccurate credit information in connection with the Loan seems to invoke the FCRA, a federal statute governing consumer credit information.  (See Complaint, ¶¶ 18-20; 15 U.S.C. §§ 1681, et seq.).  Plaintiff's allegation that Ameriquest refused to honor a rescission of her loan seems to

invoke TILA.  (See Complaint, ¶¶ 16-18; 15 U.S.C. §§ 1601, et seq.).  In addition,

Plaintiff alleges that Ameriquest harassed her regarding her Loan payments which seems

to attempt to invoke the FDCPA.  (See Complaint, ¶ 19; 42 U.S.C. §§ 1092, et seq.).

Finally, Plaintiff specifically alleges that Ameriquest "engaged in a pattern of RICO

activity," which would necessarily involve a federal question.[2]    (Complaint, ¶ 44).

Because the Complaint alleges violations of "federal laws," and appears to attempt to

raise federal questions within this Court's original jurisdiction, this Court can properly

exercise jurisdiction over Plaintiff's claims in this case.

## IV. SUPPLEMENTAL JURISDICTION

This Court can exercise supplemental jurisdiction over Plaintiff's remaining claims,

because those claims form part of the same controversy as Plaintiff's claims alleging

violations of the FCRA, TILA, FDCPA and RICO.  The supplemental jurisdiction statute,

28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction,
> the district court shall have supplemental jurisdiction over all other claims
> that are so related to claims in the action within such original jurisdiction
> that they form part of the same case or controversy . . .

_____

[2] While it is unclear whether Plaintiff is bringing claims under the Federal or
Georgia's RICO statute, the Eleventh Circuit has held that violations of the federal mail
and wire fraud statues can be deemed "predicate acts" under Georgia's RICO statute,
raising substantial federal questions and thereby establishing original federal jurisdiction
even where the claim is only for violations of the Georgia statute.  See Ayers v. General
Motors Corp., 234 F.3d 514 (11th Cir. 2000).

Moreover, District Courts can exercise supplemental jurisdiction over state law claims for declaratory and/or injunctive relief that arise out of the same case or controversy as the claims giving rise to the Court's original jurisdiction. See 28 U.S.C. § 1367(a); Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida, 177 F.3d 1212, 1224 (11th Cir. 1999)(acknowledging that District Court could exercise supplemental jurisdiction over state-law claim for injunctive relief which shared "common nucleus of operative facts" with related federal claims, and where state and federal claims all sought to remedy same injury).

In the instant case, Plaintiff's state law claims all arise out of the same mortgage Loan from which Plaintiff has asserted violations of federal laws. For example, Plaintiff's breach of contract claim arises out of the same mortgage contract Plaintiff sought to rescind under TILA. Similarly, Plaintiff's claims for declaratory and/or injunctive relief arise out of and/or relate to the Loan, and share a "common nucleus of operative facts" with Plaintiff's claims arising under federal laws. It is therefore clear that Plaintiff's state law claims are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy, and as such fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined

with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. See Bensman v. CitiCorp Trust, N.A., 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996)). In addition, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's federal claims, and arise from the same transaction or occurrence (i.e., the Loan) as Plaintiff's federal claims. See id. (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in the Complaint.

## V. **DIVERSITY JURISDICTION**

Independent of the federal questions that are raised in the Complaint, this action is also properly removable pursuant to 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

A.    **Diversity of Citizenship of the Parties.**

Complete diversity of citizenship exists between Plaintiff and Ameriquest.[3]  While Plaintiff has also sued several fictitious "John Doe" Defendants in this case, the citizenship of defendants sued under fictitious names are disregarded for the purposes of removal and therefore have no effect on this portion of the analysis.  See 28 U.S.C. § 1441(a), Kelly v. Dolegon Court, Inc., 972 F. Supp. 1470 (M.D. Ga. 1997)("[f]or purposes of removal under [28 U.S.C. § 1441(a)], the citizenship of defendants sued under fictitious names shall be disregarded").  See also Catlett v. Wyeth, Inc., 379 F. Supp. 2d 1374 (M.D. Ga. 2004).

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Ameriquest is a Delaware corporation with its principal place of business in California, and is therefore considered to be a citizen of both Delaware and California.  According to the Complaint, Plaintiff is a citizen of Georgia.  (Complaint, ¶

---

[3] Plaintiff refers to Andy (last name unknown), Cheryl Fleming, and Donald Larson in the Complaint, however, these individuals are not named Defendants in this action, have not been served according to the Court's records, and their names appearing in the Complaint has no impact on diversity jurisdiction.  In addition, Ameriquest does not currently have any employees that reside in Georgia.  To the extent that Plaintiff contends that the above-referenced individuals are current employees of Ameriquest, they must be diverse.

7).  Accordingly, there can be no question that complete diversity of citizenship exists between the parties in this action.

### B.    Amount in Controversy.

Diversity jurisdiction is also proper because it is apparent from the Complaint that the amount in controversy far exceeds the $75,000 statutory minimum.  It is well established that punitive damages may be included in determining the amount in controversy.  See Blank v. Preventative Health Programs, Inc., 504 F. Supp. 416, 421 (S.D. Ga. 1980); VACCA v. Meetze, 499 F. Supp. 1089, 1091 (S.D. Ga. 1980).  In the instant case, Plaintiff is seeking damages in an amount no less than $35,000,000.00.[4] Because Plaintiff is clearly seeking more than the statutory minimum of $75,000.00 in damages, the amount in controversy requirement is satisfied in this case.

### VI. PROCEDURAL REQUIREMENTS

Although the Complaint was filed 7 months prior, Ameriquest was not served with the Summons and Complaint in this action until November 29, 2006.  This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty days of the receipt of the Summons and Complaint in this action by Ameriquest.  This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of causes.  Written

---

[4] Plaintiff actually demanded $3,50000.000.00 in her Complaint which seems to be a typographical error.

228956

- 9 -

notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of Removal, along with Ameriquest's Notice of Filing Notice of Removal, will be filed promptly with the Clerk of the Superior Court of Fulton County, Georgia. (See Exhibit "A" attached hereto). The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. True and correct copies of all process, pleadings and orders served by or upon Ameriquest in this action are attached hereto as Exhibit "B."

## VII. CONCLUSION

WHEREFORE, for the reasons set forth above, Ameriquest respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Ameriquest further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Superior Court of Fulton County, Georgia, be hereby stayed.

Respectfully submitted this 29rd day of December, 2006.

_____

John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Attorneys for Defendant
Ameriquest Mortgage Company

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JOYCE MARIE GRIGGS,                        )
                                           )
            Plaintiff,                      )
                                           )
v.                                         )
                                           )  CIVIL ACTION
AMERIQUEST MORTGAGE COMPANY, and )  FILE NO.:  2006-CV-115131
JOHN DOES 1-10,                            )
                                           )
            Defendants.                    )
                                           )
                                           )

## NOTICE OF FILING NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that pursuant to the provisions of 28 U.S.C. §§ 1331,

1332, 1367, 1441, and 1446, Defendant Ameriquest Mortgage Company ("Ameriquest") has on

this 29th day of December, 2006, filed with the Clerk of the United States District Court for the

Northern District of Georgia, Atlanta Division, a Notice of Removal to remove Civil Action No

2006-CV-115131 from the Superior Court of Fulton County, Georgia, to the United States

District Court for the Northern District of Georgia, Atlanta Division  A copy of said Notice of

Removal is attached hereto as Exhibit "A "

Respectfully submitted this 29th day of December, 2006.



_____
John O'Shea Sullivan
Georgia Bar No. 691305
Kwende B. Jones
Georgia Bar No. 041155
Attorneys for Defendant Ameriquest Mortgage
Company

BURR & FORMAN LLP
171 Seventeenth Street, N.W , Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

Joyce Griggs

_____
                PLAINTIFF

CIVIL ACTION
NUMBER _____ 2006CV115131

VS

Ameriquest Mtg (company)

_____
                DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is

Atty Audrey Arrington
1456 Central Villa Dr. NW
At, GA 30311 (404) 752-6249

an answer to the complaint which is herewith served upon you within 30 days after the service of this summons upon you, exclusive of the day of service If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint

This _____ day of _____, 19_____

                                        Juanita Hicks
                                        Clerk of Superior Court

                                        By _____
                                                    Deputy Clerk

To Defendant upon whom this petition is served   Ameriquest Mtg, 1100 Town & Country Rd. Suite 450
                                                 Orange, CA 92868

This copy of complaint and Summons was served upon you _____, 19_____

                                        _____ Deputy Sheriff

Instructions Attach addendum sheet for additional parties if needed make notation on this sheet if addendum sheet is used

6009-082 685



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JOYCE MARIE GRIGGS,
PLAINTFF

VS.

CIVIL ACTION NO. 2006CV115131

AMERIQUEST MORTGAGE COMPANY,
A DELAWARE CORPORATION AND JOHN DOES
1-10

SECOND ORIGINAL

COUNTY

### COMPLAINT

COMES NOW, the Plaintiff and files this her complaint against the
Defendants and states the following:

1.  Defendants are a foreign profit company in the business of national mortgage lending
    doing business throughout the United States.

2.  Defendants are incorporated in the state of Georgia pursuant to the Secretary of State
    Office and have a registered agent: Karen Christensen at 3661 Venture Drive, Duluth,
    Georgia 30096.

3.  Defendant Ameriquest is a privately held corporation organized pursuant to the laws
    of the State of Delaware. Ameriquest is the nation's largest privately held subprime
    lender. Ameriquest is a wholly owned subsidiary of privately held Ameriquest Capital
    Corporation.

4.  Defendants Andy (unknown) last name, Joseph Berklund, are employees of
    Ameriquest with whom Plaintiff dealt with at the inception of the mortgage process.

5.  Defendants Cheryl Fleming in the office of the President and Donald Larson are
    employees of Ameriquest with whom Plaintiff dealt with in an effort to resolve the
    dispute.

6.  Defendants John Does 1-10, inclusive, are sued under fictitious names because their
    true names and capacities are unknown to Plaintiff, who will further amend this
    Complaint when their true names and capacities are learned. Plaintiff is informed
    and believes and on that basis allege, that each of the fictitiously named Defendants
    are responsible in some manner for the occurrences alleged herein, and that Plaintiffs
    damages were also caused by those Defendants.

7.  Plaintiff is a resident of Georgia and was solicited by employees of Ameriquest by
    telephone and mail because of the large amount of equity in her home.

8. Plaintiff was suffering from a severe debilitating disease, Lupus at the time of this transaction and the stress from this ordeal caused severe emotional distress.

9. Defendants have a long history of maliciously, recklessly and willfully engaging in Predatory Lending Practices but consistently failed to correct the same inspite of being fined by numerous state and federal agencies.

10. Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and regulations in accordance with professional, industry wide best practices standards.

11. Defendants breached their duty to Plaintiff by negligently training and failing to adequately train and supervise their employees and agents to comply with professional, industry wide best practices standards and by allowing their employees and agents to operate with such inadequate training which caused damage to Plaintiff. Defendants' conduct fell below the standard of care as they trained and actively encouraged their employees and agents to act in violation of applicable Federal and State laws, rules and regulations and professional, industry wide best practices standards. Defendants failed to take reasonable steps to protect Plaintiff though they knew or should have known that their failure to adequately train their employees and agents would result in the detriment to Plaintiff and that Defendants' employees posed a reasonably foreseeable threat to Plaintiff absent adequate supervision, control and regulation.

12. Defendants breached their duty to Plaintiff by failing to adequately and properly supervise, control or regulate their employees and agents to preclude them from engaging in the unlawful conduct described hereinabove, or otherwise to take reasonable steps to protect Plaintiffs.

13. Defendants' negligent supervision was willful, wanton and in conscious disregard of Plaintiffs' rights, therefore Plaintiff is entitled to recover punitive damages in an amount no less than $2,5000.000.00.

14. Defendants have a history of forged documents, hype customers' creditworthiness, "juiced" mortgages with hidden rates and fees, promise certain interest rates and fees, only to change those rates at the time of the closing, not leaving true copies of loan documents with borrowers.

15. Defendants' advertising and marketing techniques were harassing, oppressive, false and misleading. Defendants used these materials to induce Plaintiff to enter into the transaction that was financially detrimental to Plaintiff and known by Defendant to be unconscionable, especially when compared to the risks involved and the income of Plaintiff.

16. Plaintiff timely faxed a cancellation of the loan to Ameriquest employees who failed to cancel the loan.

17. Plaintiff contacted the office of the President in an effort to resolve the disputes to no avail and later filed a complaint with the Georgia Department of Banking and Finance to no avail.

18. Defendants' employee, Donald Larkin told Plaintiff that the loan would be canceled but it was not.

19. Defendant called Plaintiff and harassed her about the loan payment thus causing her medical condition of Lupus to flare up which required medical attention.

20. Defendant employee Cheryl Fleming from the office of the President told Plaintiff not to make anymore payments and that she would take care of the matter and stop Ameriquest employees from calling her.

21. Defendants stopped calling Plaintiff but they placed the delinquencies on Plaintiff's credit report, thus damaging her credit and inability of getting another Mortgage Company to take out another mortgage to replace the Ameriquest mortgage.

22. Plaintiff filed a complaint with the State of Georgia Banking and Finance office about the illegalities she experienced with Defendants.

23. Georgia Banking and Finance representative contacted Defendants on Plaintiff behalf on numerous occasions to no avail.

24. Plaintiff reached an impasse with Defendants and the Georgia Banking and Finance representative, Mark Simpson directed Plaintiff to seek an Attorney for legal action.

25. Defendants engaged in illegal, unfair, unlawful, untrue, misleading and deceptive business practices in soliciting, inducing and closing Plaintiffs' loan.

26. Defendants engaged in a persistent "bait and switch" scheme. Defendants lured Plaintiff in with promises that her loan would have certain terms and conditions and later induced Plaintiff to sign the loan contract with significantly less favorable terms and conditions, far less beneficial.

27. Defendants committed fraud by making certain representations to Plaintiff that they knew or should have known were false; Plaintiff relied upon the representations to her detriment and was damaged.

28. Defendants without Plaintiffs' knowledge or consent, falsified income stated on the loan application to qualify Plaintiff for a larger loan than she could afford which did not include property taxes or insurance.

29. Defendants without Plaintiffs knowledge or consent, stated on the loan application that Plaintiff was a "White male", when in fact she is an African American Female.

30. Defendants paid certain of Plaintiff creditors without her knowledge or consent; paid some creditors that had already been paid by Plaintiff and paid others more than was owed.

31. Defendants had couriers from Atlanta siting outside her house without her knowledge or consent that frightened her since she is a single woman. This action was akin to stalking the Plaintiff by Defendants employees.

32. Defendants had their closer show up at Plaintiff's place of abode very late at night, after midnight, approximately 1215 a.m.

33. Defendants used high-pressure sale tactics, deceit and omitted material facts and disclosures to close the loan and make a commission without regards to the impact on Plaintiff.

34. Defendants acts perpetuated against Plaintiff violated Federal and State laws including predatory lending.

35. Defendant's employees Joseph Berkund and Andy (unknown) last name, told Plaintiff that they would subordinate several judgements against her and they would be second on the deed which was not done.

36. Defendants by mistake sent one of their couriers to Plaintiffs' home with the subordinate agreement to sign. These agreements were meant for Plaintiffs' creditors to sign instead of Plaintiff.

37. Defendants wrongfully induced Plaintiff to enter into a mortgage that burdened her with a monthly payments that exceeded her monthly income after ordinary living expenses and which Defendants knew or should have known that the income could not support the Ameriquest loan.

38. Defendants charged unfair and excessive fees and expenses that bear no relation to the services rendered, the Plaintiffs' credit risk, or other legitimate considerations, and misled Plaintiff about those fees.

39. Defendants had a pattern of discriminatory practices-targeting borrowers on the basis of race, gender, national origin and provide those borrowers less favorable terms and

conditions in loan contracts than would be provided but for the borrowers' race, national origin, age and gender.

40. Due to the predatory lending and unfair business practices aforementioned, borrowers who enter loans with Defendants suffer foreclosure at a much higher rate than borrowers with loans from any other privately held subprime mortgage lender. Defendants are unconcerned by these foreclosures because Defendants profit from the exorbitant fees and expenses they reap in originating the loans. Defendants profit again by quickly selling the loans for inclusion in mortgage backed securities, which allows Defendants to bank the fees and costs paid by borrows while disguising and hedging the losses that may result from loans going into default.

41. Defendants performed these acts intentionally, maliciously, and with conscious indifference for Plaintiff legal rights and financial wellbeing. Despite numerous lawsuits, government investigations and community group actions aimed at stopping the Defendant's predatory lending practices, and despite Defendant's repeated promises of remedial measured in settlement agreements, Defendants continue to run their operations in a manner that enables, encourages and rewards these practices.

42. Plaintiff has been damaged and suffered severe emotional distress by the acts of the Defendants and need to be made whole by rescinding the mortgage loan, remove the negatives on her credit report placed there by Ameriquest, actual, special and punitive damages in an amount no less than $3,5000.000.00.

43. Defendants used documents other that the ones plaintiff signed to close the loan. Plaintiff did not sign the HUD statement Defendants used to close the loan and did not receive a copy until she questioned the legality of closing the loan without required signatures.

44. Defendants engaged in a pattern of RICO activity.

45. Plaintiff has as a direct and proximate result of Defendants' unfair and deceptive acts or practices suffered and continue to suffer damages, including but not limited to, all amounts paid or to be paid to Ameriquest damage to her reputation; inability to get credit.

46. Defendants have been unjustly enriched at the expense of Plaintiff who therefore is entitled to equitable restitution and disgorgement of profits and rescission of the loan for violation of Federal and State laws.

47. Plaintiff is entitled to recover from the Defendants actual, special, punitive damages, disgorgement of profits, injunctive relief; attorneys' fees for the intentional and malicious actions of the Defendants.

48 Plaintiff is entitled to injunctive relief to prevent the Defendants from foreclosing on her home located at 1 Bayspring Court, Savannah, Georgia 31405

WHEREFORE, Plaintiff demands the following relief

a.  Injunctive relief to prevent Defendants from foreclosing on her home.

b.  Actual and special damages;

c.  Declaratory judgment declaring Plaintiff the right to rescind her loan contract with Defendants;

d.  Disgorgement of profits;

e.  Restitution.

f.  Removal of negative marks on Plaintiff's credit report;

g.  Punitive damages;

h.  Attorneys' fees and costs;

I.  Jury trial; and

j.  Any other relief the court deems just and proper under the circumstances.

Audrey Arrington
Attorney for Plaintiff
GBN: 023727

1456 Centra Villa Drive, SW
Atlanta, GA 30311
(404) 752-6249
(404) 752-0543 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been

served on the following by directing same to the following addresses through first-class,

United States mail, postage prepaid, on this the _29th_ day of December, 2006:

> Audrey Arrington
> 1456 Central Villa Drive, N.W.
> Atlanta, Georgia  30311

Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

228956

JS44 (Rev  5/05 NDGA)

# CIVIL COVER SHEET

**CAP**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required except as provided by local rules of court  This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record  (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Joyce Marie Griggs

## DEFENDANT(S)

Ameriquest Mortgage Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF __Chatham__
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
(IN U S PLTF CASES ONLY)

NOTE  IN LAND CONDEMNATION CASES  USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE
NUMBER, AND E-MAIL ADDRESS)

Audrey Arrington, Esq
1456 Central Villa Drive, N W
Atlanta, Georgia 30311

**ATTORNEYS** (IF KNOWN)

John O'Shea Sullivan, Esq
Burr & Forman LLP
171 17th St , N W , Ste  1100
Atlanta, Georgia 30363

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U S GOVERNMENT PLAINTIFF
- [x] 3 FEDERAL QUESTION (U S GOVERNMENT NOT A PARTY)
- [ ] 2 U S GOVERNMENT DEFENDANT
- [ ] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| [ ] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| [ ] 2 | [ ] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [x] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 ORIGINAL PROCEEDING
- [x] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (SPECIFY DISTRICT)
- [ ] 6 MULTIDISTRICT LITIGATION
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

## V. CAUSE OF ACTION (CITE THE U S  CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

(IF COMPLEX, CHECK REASON BELOW)

- [ ] 1 Unusually large number of parties
- [ ] 2 Unusually large number of claims or defenses
- [ ] 3 Factual issues are exceptionally complex
- [ ] 4 Greater than normal volume of evidence
- [ ] 5 Extended discovery period is needed
- [ ] 6 Problems locating or preserving evidence
- [ ] 7 Pending parallel investigations or actions by government
- [ ] 8 Multiple use of experts
- [ ] 9 Need for discovery outside United States boundaries
- [ ] 10 Existence of highly technical issues and proof

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT $_____  APPLYING IFP_____  MAG JUDGE (IFP)_____

JUDGE_____  MAG JUDGE_____  NATURE OF SUIT_____  CAUSE OF ACTION_____
(Referral)

CAP
LTW    371
15:1601

## VI. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [x] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS (Filed Pro se)
- [ ] 555 PRISON CONDITION(S) (Filed Pro se)

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS (Filed by Counsel)
- [ ] 555 PRISON CONDITION(S) (Filed by Counsel)

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 R.R. & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT

**SOCIAL SECURITY - 0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. PLAINTIFF OR DEFENDANT)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] ARBITRATION (CONFIRM/VACATE/ORDER/MODIFY)

(Note: Please mark underlying Nature of Suit as well)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $_____

JURY DEMAND [ ] YES [ ] NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES  (CHECK APPROPRIATE BOX)
- [ ] 1  PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT
- [ ] 2  SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT
- [ ] 3  VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT
- [ ] 4  APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE
- [ ] 5  REPETITIVE CASES FILED BY PRO SE LITIGANTS
- [ ] 6  COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S))
- [ ] 7  EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____ WHICH WAS DISMISSED. THIS CASE [ ] IS [ ] IS NOT  (check one box)  SUBSTANTIALLY THE SAME CASE

_____    12-29-06
SIGNATURE OF RECORD                           DATE

John O'Shea Sullivan
Georgia Bar No. 691305