# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JOYCE MARIE GRIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE<br>COMPANY, and JOHN DOES 1-10,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:06CV3147-CAP-LTW |

## MOTION TO DISMISS

COMES NOW Defendant Ameriquest Mortgage Company ("Ameriquest") and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Complaint on the ground that it fails to state any claims against Ameriquest upon which relief can be granted. While it is unclear from the Complaint what claims Plaintiff is actually asserting, the allegations in the Complaint are so vague and uncertain that they fail to provide the basis for any claims against Ameriquest and Ameriquest is unable to frame an appropriate response to the Complaint as presently drafted. In support of this Motion, Ameriquest relies on all pleadings of record, Ameriquest's Memorandum in Support and document attached thereto, filed contemporaneously herewith.

WHEREFORE, for the reasons stated in Ameriquest's Memorandum in Support of Motion to Dismiss, Ameriquest respectfully requests that this Court dismiss the Complaint, and this action in its entirety, with prejudice. If the Court is not inclined to dismiss some or all of the claims in the Complaint, Ameriquest requests in the alternative, pursuant to Fed. R. Civ. P. 12(e), that the Court order Plaintiff to re-plead and provide a more definite statement of any claims not dismissed.

Respectfully submitted this 8th day of January, 2007.

John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Attorneys for Defendant
Ameriquest Mortgage Company

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
(404) 815-3000

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney of record:

> Audrey Arrington
> 1456 Central Villa Drive, N.W.
> Atlanta, Georgia  30311

John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

229210

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOYCE MARIE GRIGGS,       )
                                   )
        Plaintiff,        )
                                   )
v.                           )
                                 )   CIVIL ACTION
AMERIQUEST MORTGAGE   )   FILE NO. 1:06CV3147-CAP-LTW
COMPANY, and JOHN DOES 1-10,  )
                                 )
        Defendants.    )
                                 )

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Ameriquest Mortgage Company ("Ameriquest"), and respectfully shows the Court the following as its Memorandum in Support of Motion to Dismiss:

## I.  INTRODUCTION

The Motion to Dismiss should be granted because Plaintiff has failed to state any claims against Ameriquest.  In fact, the allegations in the Complaint are so vague and unclear that it is very difficult to determine what claims Plaintiff is trying to assert against Ameriquest.  Plaintiff's allegations are insufficient to provide Ameriquest with the proper notice required by the Federal Rules and this Motion is brought largely on Ameriquest's educated guesses as to what claims Plaintiff intends to assert.  Because Plaintiff has failed

229211

to provide the necessary factual allegations to support any of her purported claims against Ameriquest, Plaintiff's entire Complaint should be dismissed. In the alternative, if the Court is not inclined to dismiss the Complaint, Ameriquest respectfully requests that the Court order Plaintiff to provide a more definite statement of her claims under Fed. R. Civ. P. 12(e).

## II. SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS[1]

While the Complaint lacks specifically enumerated counts and/or claims and is very difficult to understand, Plaintiff possibly asserts a kitchen sink of claims against Ameriquest arising out of a loan Ameriquest made to her, including, possibly, claims for alleged (1) negligent hiring/supervision; (2) false advertising; (3) failure to honor a rescission of a loan; (4) credit defamation; (5) deceptive and unfair business practices; (6) fraud; (7) falsifying a loan application; (8) violation of "federal and state predatory lending" laws; (9) breach of contract; (10) race/gender discrimination; (11) intentional infliction of emotional distress; (12) RICO; (13) unjust enrichment; and (14) injunctive relief to prevent foreclosure of Plaintiff's home. (See generally Plaintiff's Complaint). Instead of providing a factual foundation to support her claims, Plaintiff resorts to

---

[1] All facts recited herein are taken, or extrapolated, from the Complaint. For purposes of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the well-pleaded factual allegations must be taken as true (legal conclusions are not taken as true). Ameriquest does not admit any of these allegations and only recites them herein to demonstrate that the Complaint should be dismissed.

conclusory allegation after conclusory allegation that do not contain any real substance or detail to support her claims. Plaintiff's Complaint is so incoherent that Ameriquest cannot reasonably or adequately respond because it is unclear what Plaintiff contends that Ameriquest did wrong. The entire Complaint is based on conclusory assertions, not well-pleaded facts, and fails to meet the requisite pleading standard of Fed. R. Civ. P. 12(b)(6).

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992). "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Wagner v. Daewoo Heavy Industries Am. Corp., 289 F.3d 1268, 1270 (11th Cir. 2002), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002). The Federal Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678 (11th Cir. 2001); see also Fed. R. Civ. P. 8. "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001).

In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). See Marsh, 268 F.3d at 1036.

"[C]onslusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).   As this Court has held, "broad conclusory allegations are inadequate even under the liberal pleading rules of the Federal Rules of Civil Procedure." Williams v. Lear Operations Corp., 73 F. Supp. 2d 1377, 1380-81 (N.D. Ga. 1999).  To survive a motion to dismiss, "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004); see also Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678 (11th Cir. 2001)(dismissing complaint which lacked any allegations, inferential or otherwise, regarding an essential element of plaintiff's claims).

## IV. ARGUMENT AND CITATION OF AUTHORITY

### A.   The Complaint Should be Dismissed Because Plaintiff has Failed to State Any Claims Against Ameriquest.

Plaintiff has failed to state any claims against Ameriquest.  Each of the purported "claims" appear in one or two paragraphs of conclusory allegations, none of which necessarily relate to one another.  Such broad, conclusory allegations are inadequate even under the Federal Rules' liberal pleading requirements. See Williams, 73 F. Supp. 2d at 1382 ("The pleadings must nevertheless provide notice of the circumstances which give

rise to the claim [and a] complaint which contains bare bones allegations that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice").

The Complaint consists only of vague references that Ameriquest harmed Plaintiff without providing any specifics about Ameriquest's alleged wrongdoing or the facts giving rise to Plaintiff's alleged injuries. In other words, Plaintiff's allegations fail to provide the "who, when, where, what, or how" of Ameriquest's alleged wrongdoing which would allow Ameriquest to adequately respond in good faith. Because the Complaint fails to specifically identify any claims against Ameriquest, or the factual basis for those claims, it unfairly forces Ameriquest to guess what it is that Plaintiff is actually suing for in this action. As shown below, because Plaintiff has failed to provide the necessary factual allegations to support any of her purported claims against Ameriquest, and thus fails to meet even the liberal pleading requirements set forth in the Federal Rules, the Complaint, and this entire action, should be dismissed.

### 1. Plaintiff has failed to state a claim for negligent hiring/supervision.

Plaintiff has failed to state a claim for negligent hiring/supervision. Plaintiff alleges that Ameriquest "breached [its] duty to Plaintiff by negligently training and failing to adequately train and supervise [its] employees and agents to comply with professional, industry wide best practices standards and by allowing [its] employees and

agents to operate with such inadequate training which caused damage to Plaintiff."
(Complaint, ¶ 11). Plaintiff also alleges that Ameriquest "failed to take reasonable steps
to protect Plaintiff though [it] knew or should have known that [its] failure to adequately
train [its] employees and agents would result in the detriment to Plaintiff." (Id.).
Although Plaintiff attempts to plug in some of the apparent buzz words, she fails to plead
any facts to describe what it was that Ameriquest did wrong, how Ameriquest breached
any duties to her, or how the wrongdoing harmed Plaintiff. Without more, Ameriquest is
not on notice of what Plaintiff contends it did wrong and Plaintiff has not stated a claim
against Ameriquest for negligent hiring/supervision.

### 2.    Plaintiff has failed to state a claim for false advertising.

To the extent she intended to, Plaintiff has failed to state a claim for false
advertising. Plaintiff's only allegation to support this purported claim is that Ameriquest's
"advertising and marketing techniques were harassing, oppressive, false and misleading"
and that Ameriquest "used these materials to induce Plaintiff to enter into the transaction
that was financially detrimental to Plaintiff..." (Complaint, ¶ 15). Plaintiff makes no
factual allegations regarding Ameriquest's advertising and marketing techniques, nor
does Plaintiff plead any facts to show how those techniques were oppressive and/or false
or caused her damage. As with the other claims, Ameriquest is entitled to know the who,
what, when, where, and how of this claim. Plaintiff's failure to provide any facts to

support this claim demonstrates that she cannot provide any facts and requires it be dismissed.

### 3.    Plaintiff has failed to state a claim for failing to honor a rescission of a loan.

Likewise, Plaintiff has failed to state a claim against Ameriquest for rescission of the loan.   The sole allegation concerning this purported claim is that she "faxed a cancellation of the loan to Ameriquest employees who failed to cancel the loan." (Complaint, ¶ 16).  Plaintiff gives no facts that would support her right to rescind the loan such as a Truth in Lending violation or fraud or mistake.   See 15 U.S.C. § 1635; Smith v. American Fin. Sys., Inc., 737 F.2d 1549 (11th Cir. 1984); Potomac Leasing Co. v. Thrasher, 181 Ga. App.  883, 354 S.E.2d 210 (1987).   Notably, although Plaintiff makes numerous references about a loan with Ameriquest, Plaintiff fails to make any basic allegations about this alleged loan, i.e., the date, amount, collateral, etc.  Plaintiff fails to even allege that she obtained a loan with Ameriquest -- an essential element of a rescission claim, no matter the proffered legal theory supporting it.  See Young v. Oak Leaf Builders, Inc., 277 Ga. App. 274, 626 S.E.2d 240 (2006).  Without averring any facts to support a rescission, or even the basic fact that Plaintiff obtained a loan with Ameriquest, it is impossible for Plaintiff to state a claim for failure to honor a rescission of that loan.

### 4.   Plaintiff has failed to state a claim for defamation.

Plaintiff's purported claim for defamation also fails because of Plaintiff's inadequate pleading.  This claim is based on the allegation that Ameriquest "placed the delinquencies on Plaintiff's credit report, thus damaging her credit and inability of getting another Mortgage Company to take out another mortgage to replace the Ameriquest Mortgage." (Complaint, ¶ 21).  Plaintiff does not allege that any of the information supplied to consumer reporting agencies was false, nor does she allege that Ameriquest knew it was false, that it was made maliciously, or that she has incurred special damages. If Plaintiff intends to sue under the Fair Credit Reporting Act, 15 U.S.C. §§ 1601, et seq. (the "FCRA"), she must allege how and when she notified Ameriquest of the allegedly inaccurate reporting, that Ameriquest breached the duties imposed under the FCRA after receiving notice of the alleged inaccurate reporting, and other facts to make out a claim under the FCRA.  See 15 U.S. C. § 1681s-2(b).  Without pleading these facts, Plaintiff has failed to state a claim against Ameriquest for credit defamation.

### 5.   Plaintiff has failed to state claim for deceptive and unfair business practices.

Presumably to support her alleged claim for deceptive and unfair business practices, Plaintiff alleges that Ameriquest "engaged in illegal, unfair, unlawful, untrue, misleading and deceptive business practices in soliciting, inducing and closing Plaintiff's loan." (Complaint, ¶ 25).  Plaintiff goes on to allege that Ameriquest "engaged in a

persistent 'bait and switch'" by changing the terms of Plaintiff's loan at closing to Plaintiff's detriment. (Complaint, ¶ 26). Although the Complaint fails to reference a specific statute or common law principle, the above allegations could be interpreted as Plaintiff's attempt to assert a claim under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390, et seq. (the "FBPA"). To the extent that Plaintiff is attempting to assert a claim under the FBPA, that claim fails for two reasons: (1) because it is based solely on the allegation that Ameriquest changed terms in connection with Plaintiff's loan transaction, and (2) because residential mortgage transactions are heavily regulated and the FBPA thus does not apply.[2]

First, the FBPA claim fails because the potential impact of Ameriquest's alleged conduct was solely upon Plaintiff and did not and could not harm the consuming public generally. All of Plaintiff's allegations concern Ameriquest's conduct toward Plaintiff. These allegations are insufficient to support a claim under the FBPA because the potential impact of Ameriquest's alleged conduct was solely upon Plaintiff, and could not be a source of damage to any other member of the consuming public. The Georgia Court of Appeals has explained this distinction as follows:

---

[2] As an initial matter, Plaintiff fails to allege that she made written notice of her claim under the FBPA as is required. As a prerequisite to filing any claim under the FBPA, a prospective plaintiff must send a prospective defendant "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered." O.C.G.A. § 10-1-399(b).

One may bring a private suit under the FBPA only if he is individually injured by the breach of a duty owed to the consuming public in general. O.C.G.A. § 10-1-399 does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction. In those circumstances, even though the plaintiff may be a "consumer" with regard to the transaction, if the deceptive or unfair act or practice had or has no potential for harm to the general consuming public, the allegedly wrongful act of the defendant was not made in the context of the consumer marketplace. Unless it can be said that the defendant's actions had or has potential harm for the consumer public the act or practice cannot be said to have "impact" on the consumer marketplace and any act or practice which is outside that context, no matter how unfair or deceptive, is not directly regulated by the FBPA. State of Ga. v. Meredith Chevrolet, 145 Ga. App. 8, 12 [(244 S.E.2d 15) (1978)]. **When a "consumer" suffers damage as the result of an unfair or deceptive act or practice which had or has potential impact solely upon him and which is not and could not be a source of damage to any other member of the consuming public, there is no public interest to be served by proceeding under the FBPA, and the aggrieved party is relegated to pursuit of relief under other statutory or common law principles.** Zeeman v. Black, [supra at 84-85, 273 S.E.2d 910]. The FBPA is no panacea for the congenital ills of the marketplace (and) does not instantly convert every alleged breach of contract into a violation of the (act). DeLoach v. Foremost Ins. Co., 147 Ga. App. 124, 125 (248 S.E.2d 193). Gross v. Ideal Pool Corp., 181 Ga. App. 483, 484-485(1), 352 S.E.2d 806. [Certain punctuation omitted and emphasis added].

Lynas v. Williams, 216 Ga. App. 434, 436, 454 S.E.2d 570, 573 (1995).

Zeeman v. Black, 156 Ga. App. 82, 273 S.E.2d 910 (1980), illustrates the application of the above-quoted principles. In Zeeman, purchasers of real property sued a realty company under the FBPA for an alleged misrepresentation made by the realty company relating to the purchased property. In upholding the summary judgment in

favor of the defendant realty company, the Court of Appeals noted that the alleged

misrepresentation was

> made only to the [plaintiffs] and to no one else.  While we have no doubt
> that a single instance of an unfair or deceptive act or practice is a sufficient
> predicate upon which to base a claim for damages under [the FBPA] if the
> public consumer interest would be served thereby, there is serious doubt that
> the misrepresentation in the instant case had or could have had impact on
> any other market than the [plaintiffs] . . . . Absent either public advertising
> or a misrepresentation such that the specifics of which, if repeated, could be
> harmful to future similarly situated buyers of real property, it is difficult to
> find sufficient 'public policy' to authorize resort to the FBPA.

Id., 156 Ga. App. at 86, 273 S.E.2d at 916.

Similarly, in Borden v. Pope Jeep-Eagle, Inc., 200 Ga. App. 176, 407 S.E.2d 128

(1991), the plaintiff asserted an FBPA claim against the defendant in a transaction

between the plaintiff and the defendant automobile dealer arising out of a simple interest

car loan and the defendant's alleged misconduct relating to that loan.  In upholding the

directed verdict in favor of defendant, the Court of Appeals held that "[t]here is no

evidence that the defendant's actions in this transaction had the potential for harming the

general public. Defendant did not advertise simple interest contracts to the general public

nor was there evidence that it was defendant's practice to sell cars promising simple

interest installment loans and later attempt to dishonor those contracts." Id., 200 Ga.

App. at 177, 407 S.E.2d at 131.  In the case at bar, Plaintiff has only alleged that

Ameriquest harmed her specifically, not the consuming public generally.  Therefore, the

FBPA clearly does not support a claim under these allegations.

229211

Second, highly regulated mortgage transactions are not governed by the FBPA. The intent and express language of the FBPA preclude its application to home mortgage transactions like the one involved in this case because such transactions are subject to extensive state and federal regulation.  See O.C.G.A. § 10-1-396(1).  In fact, the Georgia Court of Appeals has unambiguously held that the General Assembly "intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated area of activity."  Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 45, 502 S.E.2d 759, 805 (1998); see also  Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322 (N.D. Ga. 2000).  In Brogdon, Judge Murphy relying on Chancellor,  analyzed the FBPA and its preemption clause as follows:

> The FBPA is designed to "protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." § 10-1-391.  Stated differently, "[t]he purpose of the Georgia FBPA is to protect consumers against that limited class in conduct of consumer transactions and consumer acts or practices in trade or commerce which involve 'unfair and deceptive practices' within the consumer marketplace."  Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 43, 502 S.E.2d 799 (1998). . . .
>
> The FBPA does not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." § 10-1-396(1).  Indeed, the legislature "intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise."  Chancellor, 233 Ga. App. at 45, 502 S.E.2d 799.

> Accordingly the FBPA does not apply in extensively regulated areas of the marketplace such as investment account transactions, finance charges and required disclosures by lenders, and insurance transactions. Taylor v. Bear Stearns & Co., 572 F. Supp. 667, 675 (N.D. Ga. 1983) (holding allegations of unauthorized trades or churning not cognizable under FBPA); Chancellor, 233 Ga. App. at 45, 502 S.E.2d 799 ("area of finance charges, disclosure, and truth in lending falls outside the FBPA, except where expressly covered"); Ferguson v. United Ins. Co. of Am., 163 Ga. App. 282, 283, 293 S.E.2d 736 (1982) ("[I]nsurance transactions are among those types of transactions which are exempt from the Fair Business Practices Act.").

Brogdon, 103 F. Supp. 2d at 1336 (emphasis added).   Judge Murphy dismissed the Plaintiff's FBPA claim asserted in a nursing home negligence case because the degree of care in nursing homes is regulated by state and federal agencies, and the FBPA therefore did not apply. Id. at 1336-37.  The Court concluded its analysis of the FBPA by noting that Chancellor "observed that the General Assembly intended the FBPA to have a 'restricted application only to the unregulated consumer marketplace.'"  Id. at 1337 (emphasis in original) (citing Chancellor, 233 Ga. App. at 45, 502 S.E.2d at 805).

The residential mortgage industry involved in the present case is more heavily regulated than the nursing home industry involved in Brogdon and transactions such as Plaintiff's loan are therefore not subject to the FBPA.   Mortgage transactions are governed by a host of regulatory statutes including the Truth-in-Lending Act, 15 U.S.C. §§ 1601, et seq., and Regulation Z, 12 C.F.R. § 226.1 (2004), the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and Regulation X, 24 C.F.R. §§ 3500.1, et seq.  Moreover, the very alleged violation that Plaintiff appears to complain

about -- improprieties with Plaintiff's loan application -- is specifically regulated by
RESPA. See 12 U.S.C. § 2602(3). Other state and federal laws and regulations
potentially applicable to Ameriquest and the underlying mortgage loan transaction
include without limitation the following: Georgia Residential Mortgage Act, O.C.G.A. §§
7-1-1000, et seq.; Georgia Fair Lending Act, O.C.G.A. §§ 7-6A-1, et seq.; the Home
Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1639, and 1641(d); the
Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq.; the Fair Housing Act, 42 U.S.C.
§ 3601 et seq.; and the Alternative Mortgage Transaction Parity Act, 12 U.S.C. § 3801, et
seq.

Thus, the home mortgage industry is definitely not part of the "unregulated
consumer marketplace" to which the Georgia Court of Appeals has held the application
of the FBPA should be restricted. See Chancellor, 233 Ga. App. at 45. Courts have held
the FBPA to be inapplicable to such regulated transactions as nursing home care,
Brogdon, 103 F. Supp. 2d 1322, investment account transactions, Taylor v. Bear Stearns
& Co., 572 F. Supp. 667, 675 (N.D. Ga. 1983), automobile financing, Chancellor, 233
Ga. App. at 45, 502 S.E.2d at 799, and insurance transactions, Ferguson v. United Ins.
Co. of Am., 163 Ga. App. 282, 283, 293 S.E.2d 736 (1982). Similarly, this Court should
hold that the FBPA is also inapplicable to Plaintiff's mortgage transaction with
Ameriquest, which is already subject to multiple laws and regulations, and dismiss
Plaintiff's Complaint.

**6.    Plaintiff has failed to state a claim for violation of "federal and state predatory lending" laws.**

Plaintiff alleges, in a conclusory fashion, that Ameriquest violated "federal and state predatory lending" laws. (Complaint, ¶ 34). Plaintiff fails to specifically state which statute(s) Plaintiff is claiming that Ameriquest violated. At the very least, Fed. R. Civ. P. 8 requires that Plaintiff give Ameriquest notice of the statue(s) that it has allegedly violated so that it can properly respond and/or prepare its defense. See Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678 (11th Cir. 2001). As it presently stands, Ameriquest cannot possibly respond to this claim because Plaintiff has not provided Ameriquest anything to respond to. The Georgia "predatory lending statute" is known as the Fair Lending Act, O.C.G.A. §§ 7-6A-7 et seq., and nothing in the Complaint suggests that Ameriquest violated it. There are several federal statutes designed to regulate mortgage lenders, as described above, but Ameriquest is left guessing what it is Plaintiff contends it violated, or how it violated it. Without at least identifying the statute(s) that she believes Ameriquest violated, Plaintiff has failed to meet even the liberal pleading requirements required by the Federal Rules. Accordingly, Plaintiff's purported attempt to assert a claim for violation of "federal and state predatory lending laws" must be dismissed.

### 7.    Plaintiff has failed to state a claim for breach of contract.

To the extent that Plaintiff is attempting to state a claim for breach of contract, that claim fails for two reasons.  First, as referenced above, Plaintiff fails to make the core allegation that she has a contract with Ameriquest.  While Plaintiff refers to a loan, a mortgage loan involves different agreements, documents and disclosures, and as with the other claims in this case, Ameriquest is left guessing about what agreement Ameriquest allegedly breached.  In addition, even if Plaintiff did allege the existence of a contract, Plaintiff failed to allege that Ameriquest breached any such contract.  If Plaintiff claims Ameriquest breached the agreement to loan her money, she certainly seems to concede that Ameriquest loaned her the money.  See Oden v. Pace Academy, 235 Ga. App. 648, 510 S.E.2d 326 (1998)(plaintiff failed to state a claim for breach of contract because no breach occurred).  Ameriquest is entitled to know what contract Ameriquest allegedly breached, what provision(s) of said contract it allegedly breached, and what it allegedly did to breach the contract (not to mention how it damaged her).  Without alleging these basics, Plaintiff has not stated a claim for breach of contract.

### 8.    Plaintiff has failed to state a claim for falsifying a loan application.

Falsifying a loan application is not a tort under Georgia law in and of itself. Plaintiff appears to attempt to assert such a claim wherein she alleges that Ameriquest "falsified income stated on her loan application to qualify Plaintiff for a larger loan," and

"stated on the loan application that Plaintiff was a 'White Male,' when she is in fact an African-American Female." (Complaint, ¶¶ 28 and 29).

Plaintiff's loan application is attached hereto as Exhibit "A."[3]    Although Ameriquest has redacted nearly all of the information from the application for privacy reasons, the Court can see that the application was signed by Plaintiff on January 20, 2005 at closing.  The application discloses Plaintiff's income and all other information about her.  Plaintiff, not Ameriquest, supplied the information on this document.  By her signature, Plaintiff certified, among other things, that the information was true and correct as of the date set forth opposite her signature.  Plaintiff does not allege that Ameriquest changed the information on the loan application surreptitiously after she signed it.  Therefore, since <u>Plaintiff</u> certified to Ameriquest that the information about her employment income shown above her signature was true and correct as of January 20, 2005, there can be no claim against <u>Ameriquest</u> for allegedly "inflating" the information

_____

[3] It is proper for the Court to consider the loan application signed by Plaintiff because the Complaint, in paragraphs 28 and 29, makes reference to it.  The Eleventh Circuit has held that extrinsic documents can be considered in a 12(b)(6) motion where those documents are referred to in the Complaint and are central to the Plaintiff's claim. <u>Sturm v. Marriott Marquis Corp.</u>, 85 F. Supp. 2d 1356, 1366 (N.D. Ga. 2000)(citing <u>Harris v. Ivax Corp.</u>, 182 F.3d 799, 802 n.2 (11th Cir. 1999)); <u>see also</u> <u>Brooks v. Blue Cross Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997); <u>5th Bedford Pines Apartments, Ltd. v. Brandon</u>, 262 F. Supp. 2d 1369, 1375 (N.D. Ga. 2003).  The loan application is clearly "central to the Plaintiff's claim" in this action because it demonstrates that Plaintiff supplied the information to Ameriquest and certified it as true and correct.  It is thus appropriate for the Court to consider this document on Ameriquest's Motion to Dismiss.

in the loan application. As to the obvious mistake of Plaintiff's race and gender, Plaintiff has not made any allegation, other than to point out the mistake, about how this harmed her in any way. Regardless, Plaintiff ratified all the information by certifying it true and correct, and any claim for falsifying the application should be dismissed.

### 9.    Plaintiff has failed to state a claim for intentional infliction of emotional distress.

Plaintiff's purported claim for intentional infliction of emotional distress should be dismissed because Plaintiff has failed to allege the facts necessary to support such a claim under Georgia law. In order to recover for intentional infliction of emotional distress under Georgia law, Plaintiff must allege and prove: 1) that Ameriquest engaged in intentional or reckless conduct; 2) that the conduct was extreme and outrageous; 3) that there is a causal connection between the wrongful conduct and Plaintiff's emotional distress; and 4) that Plaintiff's emotional distress is severe. See Bute v. Schuller Intern, Inc., 998 F. Supp. 1473, 1478 (N.D. Ga. 1998); Blakey v. Victory Equipment Sales, Inc., 259 Ga. App. 34, 39, 576 S.E.2d 288, 293 (2002). Recovery for this tort has only been authorized only in situations where "the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." Potts v. UAP-GA AG Chem, Inc., 256 Ga. App. 153, 157-58, 567 S.E.2d 316, 321 (2002)(conduct must be innately extreme and outrageous, and that "[i]t must be emphasized that major outrage in the language or conduct complained of is essential to the tort"). Whether a claim rises to

the requisite level of outrageousness and egregiousness is a question of law to be determined by the court. Bute, 998 F. Supp. at 1478.

Indeed, this Court has recently held that "[s]tandard collection techniques cannot ordinarily support a claim for intentional infliction of emotional distress." Garner v. Academy Collection Svc., Inc., No. Civ. A. 3:04-CV-93-JTC, 2005WL643680, at *6 (N.D. Ga. Mar. 11, 2005). Georgia courts have also expressly held that positions taken by business persons and/or "common everyday occurrence[s] in the business world . . . **even if motivated by malice or an intent to harm plaintiff** . . . [are] not inherently extreme and outrageous as is required for a claim for intentional infliction of emotional distress." Potts, 256 Ga. App. at 158, 567 S.E.2d at 321 (emphasis added).

In this case, Plaintiff alleged that she has "suffered severe emotional distress by the acts of the Defendant" – that is all. (Complaint, ¶¶ 8 and 42). Beyond the vague references in her Complaint that Ameriquest did something wrong, Plaintiff has failed to allege any specific facts regarding Ameriquest's alleged conduct – much less any conduct that would rise to the level to support a claim for intentional infliction of emotional distress. Plaintiff does not allege that she was threatened with bodily harm, nor has Plaintiff alleged that Ameriquest participated in any conduct that could even remotely be classified as "extreme and outrageous." Accordingly, Plaintiff's claim for intentional infliction of emotional distress fails and must be dismissed.

**10.  Plaintiff has failed to plead her purported fraud claim with particularity.**

Plaintiff's fraud claim fails because Plaintiff has failed to meet the heightened pleading requirements necessary to state a fraud claim under Fed. R. Civ. P. 9(b). To survive a motion to dismiss, allegations of fraud must satisfy the requirements of Rule 9(b), which provides that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

Rule 9(b) is satisfied only if a complaint sets forth the following elements:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Id. Rule 9(b) therefore requires plaintiffs to plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. [C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the

rule." Danielson, 2006 U.S. Dist. LEXIS 52746, at *15 (quoting Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549-50 (8th Cir. 1997)).

Plaintiff in this case alleges only that Ameriquest "committed fraud by making certain representations to Plaintiff that they knew or should have known were false" and that "Plaintiff relied upon the representations to her detriment and was damaged." (Complaint, ¶ 27). Plaintiff has failed to describe the alleged misrepresentations made by Ameriquest, much less with any particularity, nor has Plaintiff described how she relied upon the alleged misrepresentations or how they harmed her. Accordingly, Plaintiff has failed to satisfy the basic requirement of alleging the elements of the tort, and certainly has not pleaded with any particularity and this claim must be dismissed.

**11.   Plaintiff has failed to state a claim for race/gender discrimination.**

Plaintiff's race/gender discrimination is presumably supported by her allegation that Ameriquest "had a pattern of discriminatory practices-targeting borrowers on the basis of race, gender, national origin and provide those borrowers less favorable terms and conditions in loan contracts than would be provided but for the borrowers' race, national origin, age and gender." (Complaint, ¶ 39). Plaintiff does not allege that she was discriminated against, nor does Plaintiff adequately describe Ameriquest's alleged discriminating conduct. Plaintiff's race/gender discrimination claim fails because Plaintiff has not pleaded the necessary facts to support such a claim.

### 12.    Plaintiff has failed to state a claim for "RICO."

In the Complaint, Plaintiff alleges that Ameriquest "engaged in a pattern of RICO activity" which is the only allegation that presumably supports her alleged RICO claim. (Complaint, ¶ 44). This allegation, however, is insufficient to support a claim against Ameriquest because Plaintiff fails to plead her alleged RICO violation claim with the requisite particularity required by the Federal Rules.

As with all averments of fraud, the circumstances constituting an alleged RICO violation must be stated with particularity. See Fed. R. Civ. P. 9(b). District Courts have consistently held that where a plaintiff files a civil suit under RICO and relies upon mail fraud as the alleged racketeering activity (which Plaintiff presumably relies on in this action), the plaintiff must allege "sufficient facts to put the defendants on notice of the charges of a scheme to defraud and the use of the mails ... in furtherance of that scheme." Georgia Gulf Corp. v. Ward, 701 F. Supp. 1556, 1559 (N.D. Ga. 1987). To meet the heightened pleading standard, this Court has required the plaintiff to "state the time, place, and content of the misrepresentations, as well as who made the misrepresentations and to whom." Mills v. Fitzgerald, 668 F. Supp. 1554, 1561 (N.D. Ga. 1987).

The generalized, conclusory allegations appearing in Plaintiff's Complaint in this case clearly do not meet the particularity requirements necessary to state a RICO claim. Plaintiff fails to state the time, place, and content of Ameriquest's alleged misrepresentation. Indeed, Plaintiff fails to provide any specifics regarding Ameriquest's

alleged conduct.    Besides Plaintiff's generic assertion that Ameriquest made

representations which were allegedly untrue, Plaintiff has failed to describe the "pattern

of RICO activity" necessary to sustain such a claim.    Accordingly, Plaintiff has not

provided Ameriquest with the proper notice of her alleged RICO claim.  Because Plaintiff

cannot rely on conclusory allegations to support this claim, it therefore fails and must be

dismissed.

### 13.    Plaintiff has failed to state a claim for unjust enrichment.

Plaintiff's alleged claim for unjust enrichment is presumably supported by her

allegation that Ameriquest "has been unjustly enriched at the expense of Plaintiff."

(Compliant, ¶ 46).  As with Plaintiff's other claims, she has failed to properly plead this

claim because she has failed to plead any facts to show how Ameriquest has been

unjustly enriched, or how Plaintiff has been harmed by Ameriquest's alleged conduct –

two essential elements of an unjust enrichment claim.  See Engram v. Engram, 463

S.E.2d 12, 265 Ga. 804 (1995)(unjust enrichment applies "where the party sought to be

charged has been conferred a benefit by the party contending an unjust enrichment which

the benefited party equitably ought to return or compensate for.").   Without pleading

more, Plaintiff has failed to state a claim against Ameriquest for unjust enrichment.

### 14.    Plaintiff has failed to state a claim for injunctive relief.

In her Complaint, Plaintiff alleges that she is also "entitled to injunctive relief to

prevent [Ameriquest] from foreclosing on her home" which is her only allegation with

respect to her claim for injunctive relief. (Compliant, ¶ 48). For the same reasons that the other putative claims in the Complaint must be dismissed, the claim for injunctive relief must too be dismissed. Ameriquest also points out that Plaintiff filed the Complaint on April 7, 2006 but waited to serve it until November 29. Presumably, the need for injunctive relief has either passed or has become moot. Either way, Plaintiff has failed to plead any facts that would support enjoining Ameriquest from doing anything.

**B.**   **If the Court is not Inclined to Dismiss the Complaint, the Court Should Order Plaintiff to Provide a More Definite Statement of Her Claims Under Fed. R. Civ. P. 12(e).**

If the Court is not inclined to dismiss some or all of the claims in the Complaint, Ameriquest requests in the alternative, pursuant to Fed. R. Civ. P. 12(e), that the Court order Plaintiff to re-plead and provide a more definite statement of any claims not dismissed. A party may move for a more definite statement if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." See Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001).

> While the requirements of pleading under the Federal Rules are "liberal,"... a pleader must at least provide his opponent with "fair notice of what her claim is and the grounds upon which it rests." [Cits]. Stated differently, a plaintiff should include in her pleading some brief factual description of the circumstances surrounding the acts or omissions upon which she bases her claim for relief.

Williams, 73 F. Supp. 2d at 1381.

Before Ameriquest is required to respond to the conclusory allegations in the Complaint, this Court should require Plaintiff to set forth, with greater particularity, the actual claims that she is attempting to assert against Ameriquest.  In addition, the Court should require Plaintiff to set forth the particular acts or omissions upon which she bases her claims for relief against Ameriquest.  The interests of fairness dictate that, at the very least, Plaintiff should be required to set forth her claims with greater particularity before Ameriquest is required to frame a responsive pleading to the Complaint.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Ameriquest respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint.  In the alternative, Ameriquest requests that this Court enter an order requiring Plaintiff to amend her Complaint stating her claims with more particularity.

Respectfully submitted this 8th day of January, 2007.

John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Attorneys for Defendant
Ameriquest Mortgage Company

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363

(404) 815-3000

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2007, I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney of record:

> Audrey Arrington
> 1456 Central Villa Drive, N.W.
> Atlanta, Georgia  30311

John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ Conventional  ☐ Other (explain): ☐ FHA  ☐ USDA/Rural Housing Service | | Agency Case Number | Lender Case Number |
|---|---|---|---|---|

Redacted pursuant to Standing Order 04-02

| Interest Rate | No. of Months | Amortization Type: | ☐ Fixed Rate  ☐ Other (explain): ☐ GPM  ☐ ARM (type): |
|---|---|---|---|
| 10.500 % | 360 | | |

Redacted pursuant to Standing Order 04-02

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | | No. of Units |
|---|---|---|
| Redacted pursuant to Standing Order 04-02      Savannah, GA | | 1 |

| Legal Description of Subject Property (attach description) | Year Built |
|---|---|
| | 1990 |

| Purpose of Loan | ☐ Purchase  ☐ Construction  ☐ Other (explain): ☒ Refinance  ☐ Construction-Permanent | Property will be: ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| 1995 | Redacted pursuant to Standing Order 04-02 | 0.00 | | Cost: $ 0.00 |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| Joyce M. Griggs | | ☒ Fee Simple  ☐ Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|

## III. BORROWER INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|

| Borrower's Name (include Jr. or Sr. if applicable) | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|
| Joyce M. Griggs | |

| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|
| Redacted pursuant to Standing Order 04-02 | 2160 | (912) 596- | 1951 | 12 | | | |

| ☒ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) |
|---|---|---|---|
| | 0 | | |

| Present Address (street, city, state, ZIP)  ☒ Own  ☐ Rent  No. Yrs. 2 | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|
| Redacted pursuant to Standing Order 04-02  Savannah, GA | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|
| Redacted pursuant to Standing Order 04-02 | |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|

| Name & Address of Employer  ☒ Self Employed | Yrs. on this job | Name & Address of Employer  ☐ Self Employed | Yrs. on this job |
|---|---|---|---|
| ATTORNEY Redacted pursuant to Standing Order 04-02 | 2.083 | Redacted pursuant to Standing Order 04-02 | |
| | Yrs. employed in this line of work/profession | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| ATTORNEY | | | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer  ☐ Self Employed | Dates (from – to) | Name & Address of Employer  ☐ Self Employed | Dates (from – to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer  ☐ Self Employed | Dates (from – to) | Name & Address of Employer  ☐ Self Employed | Dates (from – to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

Redacted pursuant to Standing Order 04-02      0326

Fannie Mae Form 65 01/04
Freddie Mac Form 1003 01/04

VMP-21N (0305)   VMP Mortgage Solutions (800)521-7291

| Borrower's cell | Borrower's pager |
|---|---|
| Co-Borrower's cell | Co-Borrower's pager |

Redacted pursuant to Standing Order 04-02

3320005990701

**EXHIBIT**

**A**

tabbies

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Pre |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 0.00 | | $ 0.00 | Rent | $ 0.00 | $ |
| Overtime | Redacted pursuant to Standing Order 04-02 | | Redacted pursuant to Standing Order 04-02 | First Mortgage (P&I) | Redacted pursuant to Standing Order 04-02 | Redacted pursuant to Standing Order 04-02 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | = | Hazard Insurance | | |
| Dividends/Interest | | 0.00 | 0.00 | Real Estate Taxes | | |
| Net Rental Income | | 0.00 | 0.00 | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | 0.00 | 0.00 | Homeowner Assn. Dues | | 0.00 |
| | | | | Other: | | 0.00 |
| Total | $ Redacted pursuant to Standing Order 04-02 | | $ Redacted pursuant to Standing Order 04-02 | Total | $ | Redacted pursuant to Standing Order 04-02 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| B | | $ 0.00 |
| B | | 0.00 |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed [ ] Jointly [X] Not Jointly

| ASSETS | Cash or Market Value | | | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|---|
| Description | | | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | | |
| Cash deposit toward purchase held by: | $ 0.00 | | | | | |
| | | | | Name and address of Company | $ Payment/Months | |
| List checking and savings accounts below | | | | *** SEE ADDENDUM *** | | |
| Name and address of Bank, S&L, or Credit Union | | | | | | |
| | | Redacted pursuant to Standing Order 04-02 | | Acct. no. | | |
| Acct. no. | | | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit | | | | | | |
| | | Redacted pursuant to Standing Order 04-02 | | Acct. no. | | |
| Acct. no. | | | | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit | | | | | | |
| | | | | Acct. no. | | |
| Acct. no. | $ | | | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | | | | | |
| | | | | Acct. no. | | |
| Acct. no. | $ | | | Name and address of Company | $ Payment/Months | |
| Stocks & Bonds (Company name/number & description) /0 | 0.00 | | | | | |
| | | | | Acct. no. | | |
| Life insurance net cash value | $ 0.00 | | | Name and address of Company | $ Payment/Months | |
| Face amount: $ 0.00 | | | | | | |
| Subtotal Liquid Assets | $ | Redacted pursuant to Standing Order 04-02 | | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | | | | | |
| Vested interest in retirement fund | $ 0.00 | | | Name and address of Company | $ Payment/Months | |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | | | | | |
| Automobiles owned (make and year) | $ | | | Acct. no. | | |
| Other Assets (itemize) | | | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| | | | | Job-Related Expense (child care, union dues, etc.) | $ | Redacted pursuant to Standing Order 04-02 |
| | Redacted pursuant to Standing Order 04-02 | | | Redacted pursuant to Standing Order 04-02 | | |
| Total Assets a. | | | | Total Monthly Payments | | |
| | | | | Net Worth (a minus b) | $ Redacted pursuant to Standing Order 04-02 | Total Liabilities b. $ |

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| *** SEE ADDENDUM *** | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | Redacted pursuant to Standing Order 04-02 | | | Redacted pursuant to Standing Order 04-02 | | |
| Totals | | $ | | 0 | | | 0 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 0.00 |
| b. Alterations, improvements, repairs | 0.00 |
| c. Land (if acquired separately) | 0.00 |
| d. Refinance (incl. debts to be paid off) | Redacted pursuant to Standing Order 04-02 |
| e. Estimated prepaid items | |
| f. Estimated closing costs | |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | 0.00 |
| i. Total costs (add items a through h) | Redacted pursuant to Standing Order 04-02 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | 0.00 |
| l. Other Credits (explain) | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | Redacted pursuant to Standing Order 04-02 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | Redacted pursuant to Standing Order 04-02 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | x | | |
| b. Have you been declared bankrupt within the past 7 years? | | x | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | x | | |
| d. Are you a party to a lawsuit? | | x | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | x | | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | x | | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | x | | |
| h. Is any part of the down payment borrowed? | | x | | |
| i. Are you a co-maker or endorser on a note? | | x | | |
| j. Are you a U.S. citizen? | x | | | |
| k. Are you a permanent resident alien? | | x | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | x | | | |
| m. Have you had an ownership interest in a property in the last three years? | x | | | |
| (1) What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | | | | |
| (2) How did you hold title to the home — solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 11/10/05 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | | CO-BORROWER | |
|---|---|---|---|
| ☐ I do not wish to furnish this information. | | ☐ I do not wish to furnish this information. | |
| **Ethnicity:** ☐ Hispanic or Latino  ☒ Not Hispanic or Latino | | **Ethnicity:** ☐ Hispanic or Latino  ☐ Not Hispanic or Latino | |
| **Race:** ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White | | **Race:** ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White | |
| **Sex:** ☐ Female  ☒ Male | | **Sex:** ☐ Female  ☐ Male | |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | Joseph Borklund | Redacted pursuant to Standing Order 04-02 |
| ☐ Face-to-face interview | Interviewer's Signature                 Date | |
| ☐ Mail | Redacted pursuant to Standing Order 04-02 | |
| ☒ Telephone | Interviewer's Phone Number (incl. area code) | Marietta, GA |
| ☐ Internet | (770) 423-4016 | |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

Redacted pursuant to Standing Order 04-02

0326
1N (0505)

03260005990703

Redacted pursuant to Standing Order 04-02

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: Griggs, Joyce W. | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: X | Date 1/20/05 | Co-Borrower's Signature: X | Date |
|---|---|---|---|

Redacted pursuant to Standing Order 04-02

Redacted pursuant to Standing Order 04-02

0336
1N (0305)

032606605990704

Page 4 of 4

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04