## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JOYCE MARIE GRIGGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 1:06CV3147-CAP-LTW** |
| **AMERIQUEST MORTGAGE** | ) | |
| **COMPANY, and JOHN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PRELIMINARY REPORT AND DISCOVERY PLAN[1]

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

Plaintiff Joyce Marie Griggs ("Plaintiff") initiated this action by filing her

Complaint in the Superior Court of Fulton County, Georgia on April 21, 2006.

Defendant Ameriquest Mortgage Company ("Ameriquest") removed this action to this

Court on December 29, 2006.  While the Complaint lacks specifically enumerated counts

and/or claims and is very difficult to understand, Plaintiff possibly asserts claims against

---

[1] Despite repeated requests, Plaintiff Joyce Marie Griggs has not participated in the preparation of the Preliminary Report and Discovery Plan.  Accordingly, Ameriquest submits this Preliminary Report and Discovery Plan unilaterally.

Ameriquest for alleged negligent hiring/supervision, false advertising, failure to honor a rescission of a loan, credit defamation, deceptive and unfair business practices, fraud, falsifying a loan application, violation of "federal and state predatory lending" laws, breach of contract, race/gender discrimination, intentional infliction of emotional distress, RICO, unjust enrichment, and injunctive relief to prevent foreclosure of Plaintiff's home. Ameriquest denies all allegations in the Complaint, denies that it is liable to Plaintiff in any amount, and denies that Plaintiff is entitled to any of the relief sought in her Complaint.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

For the Defendant:  On or about January 20, 2006, Plaintiff obtained a mortgage loan from Ameriquest in the principal amount of $382,500.00 (the "Loan").  Plaintiff provided the information in the Loan Application, she certified the information was true and correct, and Ameriquest denies any and all allegations of fraudulent conduct in connection with the Loan and/or the Loan Application.  Plaintiff defaulted on the Loan for failing to make timely payments thereunder and Ameriquest took appropriate steps to recover the indebtedness owed under the Loan based on Plaintiff's default.

(c) The legal issues to be tried are as follows:

For the Defendant:

- 2 -

231375

1.    Whether Plaintiff has sufficiently stated a claim for fraud;

2.    Whether Plaintiff has sufficiently stated a claim for negligent hiring/supervision;

3.    Whether Plaintiff has sufficiently stated a claim for false advertising;

4.    Whether Plaintiff has sufficiently stated a claim for failure to honor a rescission of a loan;

5.    Whether Plaintiff has sufficiently stated a claim for credit defamation;

6.    Whether Plaintiff has sufficiently stated a claim for deceptive and unfair business practices;

7.    Whether Plaintiff has sufficiently stated a claim for falsifying a loan application;

8.    Whether Plaintiff has sufficiently stated a claim for violation of "federal and state predatory lending" laws;

9.    Whether Plaintiff has sufficiently stated a claim for breach of contract;

10.    Whether Plaintiff has sufficiently stated a claim for race/gender discrimination;

11.    Whether Plaintiff has sufficiently stated a claim for intentional infliction of emotional distress;

12.    Whether Plaintiff has sufficiently stated a claim for RICO;

231375

13.    Whether Plaintiff has sufficiently stated a claim for unjust enrichment;

14.    Whether Plaintiff has sufficiently stated a claim for injunctive relief;

15.    Whether Plaintiff is entitled to an award of damages;

16.    Whether Plaintiff is entitled to an award of attorney's fees;

17.    Whether there are any false statements in Plaintiff's loan application;

18.    Whether Plaintiff waived or ratified any of the alleged false statements in her loan application;

19.    Whether Plaintiff has suffered any actual damages as a result of Ameriquest's alleged conduct in this action and, if so, the amount of any such damages.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  None.

(2) Previously Adjudicated Related Cases:  None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

For the Defendant:  Defendant does not contend that this case is complex.

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

231375

Plaintiff:    Audrey Arrington
              1456 Centra Villa Drive, S.W.
              Atlanta, Georgia  30311

Defendant:    John O'Shea Sullivan
              Burr & Forman LLP
              171 17th Street, N.W., Suite 1100
              Atlanta, GA 30363

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes  <u>X</u>  No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

For the Defendant: <u>None.</u>

(b) The following persons are improperly joined as parties:

For the Defendant: <u>None.</u>

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

For the Defendant:  <u>None.</u>

- 5 -

231375

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

For the Defendant: None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

- 6 -

231375

(a) *Motions to Compel:*

Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    None expected at this time.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures**:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

For the Defendant:  Defendant will serve its initial disclosures as required by the Rules of this Court.

**9. Request for Scheduling Conference:**

- 7 -

231375

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

For the Defendant: <u>No scheduling conference is requested at this time.</u>

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

For the Defendant:  <u>Four (4) month discovery period.</u>

Please state below the subjects on which discovery may be needed:

For the Defendant:  <u>Defendant will seek discovery on all allegations set forth in Plaintiff's Complaint and on Plaintiff's alleged damages, if any, after the discovery period starts.</u>

231375

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

For the Defendant:  <u>Defendant does not anticipate at this time that additional time and/or bifurcated discovery are necessary.</u>

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.  <u>None.</u>

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?  <u>None.</u>

**13. Settlement Potential:**

(a) Counsel for Ameriquest hereby certifies that he attempted to contact counsel for Plaintiff to conduct an initial Rule 26(f) conference, however, the Rule 26(f) conference did not take place because counsel for Plaintiff did not participate.

(b) Since the parties did not participate in a Rule 26(f) conference, there were no settlement discussions.  However, there exists:

- 9 -

( ) A possibility of settlement before discovery.

() A possibility of settlement after discovery.

() A possibility of settlement, but a conference with the judge is needed.

(X) No possibility of settlement.

(c) Counsel () do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.  Counsel for Plaintiff's failure to attend the Rule 26(f) Conference.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties () do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this court.

- 10 -

Respectfully submitted this 8th day of February, 2007.

s/John O'Shea Sullivan
John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Attorneys for Defendant Ameriquest Mortgage
Company

BURR & FORMAN LLP
171 Seventeenth St., N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

- 11 -

231375

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of February, 2007, I served the foregoing **PRELIMINARY REPORT AND DISCOVERY PLAN** on the following by electronically filing the same with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all attorneys of record and by first-class, United States mail, postage prepaid to:

> Audrey Arrington
> 1456 Centra Villa Drive, S.W.
> Atlanta, Georgia  30311

> s/John O'Shea Sullivan
> John O'Shea Sullivan
> Georgia Bar No. 691305
> shea.sullivan@burr.com

231375