IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOYCE MARIE GRIGGS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:06-CV-3147-CAP-LTW |
| AMERIQUEST MORTGAGE COMPANY, and JOHN DOES 1-10, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Ameriquest Mortgage Company's ("Ameriquest") Motion to Dismiss, filed on January 8, 2007. Docket Entry [2]. Plaintiff has not filed a response brief. Accordingly, Defendant's motion is deemed unopposed under Local Rule 7.1. See L.R. 7.1, N.D. Ga. For the reasons outlined below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [2]. The Court **RECOMMENDS** that Defendant's Motion be **DENIED WITHOUT PREJUDICE** as to Defendant's request for dismissal and **GRANTED** as to Defendant's alternative request for an order for Plaintiff to provide a more definite statement. Docket Entry [2].

AO 72A
(Rev.8/82)

**DEFENDANT'S MOTION TO DISMISS**

Plaintiff Joyce Marie Griggs, proceeding with counsel, filed the instant lawsuit in the Superior Court of Fulton County, State of Georgia, on or around April 7, 2006, against Defendants Ameriquest and John Does 1-10. (Notice of Removal, Exh. B, Compl., Docket Entry [1]). In Plaintiff's complaint, she alleges that Defendants' conduct in relation to a mortgage she purportedly obtained from Defendant Ameriquest violated various unspecified federal and state laws. On or around November 21 or 29, 2006, Plaintiff served Defendant with the Complaint and Summons. (See Notice of Removal at 2, 9, Exh. A, Compl., Docket Entry [2]). On December 29, 2006, Defendant removed the action to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1441, on the basis of federal question and supplemental jurisdiction. (Notice of Removal at 3-4).

On January 8, 2007, Defendant filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), in lieu of an answer. Defendant contends that the Complaint does not satisfy the liberal pleading requirements of the Federal Rules of Civil Procedure and is insufficient to survive a motion to dismiss, because it includes only broad and conclusory allegations, only vaguely references Defendant, and does not provide any factual bases for the claims. (Defendant's Motion to Dismiss [hereinafter

"DMD"] at 4-5). Defendant states that Plaintiff could be attempting to assert claims for (1) negligent hiring and supervision, (2) false advertising, (3) failure to honor a loan rescission, (4) credit defamation, (5) deceptive and unfair business practices, (6) falsifying a loan application, (7) violation of federal and state predatory loan laws, (8) race and gender discrimination, (9) breach of contract, (10) intentional infliction of emotional distress ("IIED"), (11) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and (12) unjust enrichment, and it contends that Plaintiff fails to state the necessary elements of each of these potential claims. Alternatively, Defendant requests this Court to order Plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e), because Plaintiff's Complaint is so ambiguous and vague. (DMD at 1-2). Plaintiff has not filed a response brief.

## II.　**LEGAL CONCLUSIONS**

### A.　**Motion to Dismiss Standard**

A district court may only grant a Rule 12(b)(6) motion to dismiss where it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). The issue is "not whether a Plaintiff will ultimately prevail[,] but

3

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Thus, when addressing a Rule 12(b)(6) motion to dismiss, the Court only considers matters included in the pleadings, and it must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See FED. R. CIV. P. 12(b); Leatherman v. Tarrant County Narcotics and Coordination Unit, 507 U.S. 163, 165 (1993); Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004); see also Finn v. Gunter, 722 F.2d 711, 712 (11th Cir. 1984). Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim, Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985), a court, nonetheless, may dismiss a complaint on a dispositive issue of law. See Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Ordinarily, the legal sufficiency of a complaint under Rule 12(b)(6) is determined by whether the complaint states a claim upon which relief can be granted in light of the pleading requirements of Rules 8 and 9, as well as the larger design of the Federal Rules. Georgia, like the Federal Rules of Civil Procedure, generally employs a liberal notice-pleading standard, under which only a short and plain statement of the claim is required. Allen v. Bergman, 201 Ga. App. 781, 783(3)(b), 412 S.E.2d 549 (Ga. App. 1991)

4

(citation omitted); GA. CODE ANN. §9-11-8(a)(2); see also FED. R. CIV. P. (8)(a)(2). In all averments of fraud or mistake, both Georgia and the Federal Rules of Civil Procedure require more than a short and plain statement; in such averments, "the circumstances constituting fraud or mistake...be stated with particularity." GA. CODE ANN. §9-11-9(b); see also FED. R. CIV. P. (9)(b). A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rules 8(a)(2) and 9(b). Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988); see FED. R. CIV. P. 41(b). However, the Eleventh Circuit has cautioned courts considering a motion to dismiss for failure to plead fraud with particularity to be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading. See Friedlander, 755 F.2d at 813 n.3 (citing cases).

**B.     Analysis**

In this case, the Court finds that dismissal is inappropriate at this point in the proceedings. Although Plaintiff's Complaint lacks any specific claims, counts, or references to any statutes, Defendant Ameriquest has been able to identify numerous claims that Plaintiff could be attempting to assert from the few facts and conclusory assertions of legal principles in the Complaint. It also appears to the Court that a more

carefully drafted complaint could state a claim upon which relief could be granted. In such circumstances, "a district court should give a plaintiff an opportunity to amend [her] complaint rather than dismiss it." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985). This preference arises out of the recognition that dismissal is a harsh remedy, which is only appropriate when the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. See id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed. 80 (1957) (footnote omitted); McKinnis v. Mosely, 693 F.2d 1054, 1058 (11th Cir. 1982). Courts prefer to resolve a case on its merits. See id. at 813 n. 3; see also Conley, 355 U.S. at 48, 78 S.Ct. at 103.

An order that the plaintiff provide a more definite statement is a less severe remedy that allows resolution of a case on its merits. A party may move for a more definite statement when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." See Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001); FED. R. CRIM. P. 12(e). The Eleventh Circuit has explained that "[w]here ... the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count...and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." Anderson v. Dist. Bd. of Trs.

6

of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) (footnote omitted) (quoting Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)). Requiring a more definite statement also relieves the Court of the "cumbersome task of sifting through [the] myriad claims" of a shot-gun pleading. Id.

The Court finds that an order for Plaintiff to provide a more definite statement within a specified period of time to be appropriate here. Specifically, Plaintiff should state with particularity what claims she is bringing and under what laws, the defendants against whom each claim is being asserted, the particular acts or omissions on which she bases those claims, and, to the extent Plaintiff is averring fraud, the circumstances on which such claims are based. Compliance with such an order will allow the action to be resolved on its merits; however, it bears noting that if Plaintiff does not obey such an order, the Court "may strike the pleading to which the motion was directed or make such order as it deems just." FED. R. CIV. P. 12(e); see also Adiel v. Ohliger, 923 F.2d 861 (9th Cir. 1991) (failure to amend complaint grounds for dismissal); Friedlander, 755 F.2d at 813-14 (same).

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [2]. The

Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED** as to its request for dismissal of Plaintiff's Complaint and **GRANTED** as to its request for an order for a more definite statement.  Docket Entry [2].

**SO REPORTED AND RECOMMENDED**, this 25th day of APRIL, 2007.


           s/Linda T. Walker
           LINDA T. WALKER
           UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOYCE MARIE GRIGGS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| AMERIQUEST MORTGAGE COMPANY, and JOHN DOES 1-10, | : | 1:06-CV-3147-CAP-LTW |
| | : | |
| Defendants. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within ten (10) days of the receipt of this Order**.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district

AO 72A
(Rev.8/82)

court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 25th day of APRIL, 2007.

s/Linda T. Walker<br>
LINDA T. WALKER<br>
UNITED STATES MAGISTRATE JUDGE