IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOYCE MARIE GRIGGS,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>v. )<br>)<br>)<br>**AMERIQUEST MORTGAGE** )<br>**COMPANY, and JOHN DOES 1-10,** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br>**FILE NO. 1:06CV3147-CAP-LTW** |

**AMERIQUEST'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S TWO MOTIONS TO STAY AND REMAND
AND MOTION FOR EXTENSION**

COMES NOW Defendant Ameriquest Mortgage Company ("Ameriquest") and files this Memorandum in Opposition to Plaintiff's Two Motions to Stay and Remand and her Motion for Extension, respectfully showing the Court as follows:

**I. INTRODUCTION**

Plaintiff's Motions to Stay and Remand should be denied because the Court clearly has subject matter jurisdiction (which Plaintiff does not even challenge) and Plaintiff has failed to make the requisite showing to be entitled to a stay under the statute for military servicemembers, which is now known as the Servicemembers Civil Relief Act, 50 App.

239710 v1

- 2 -

U.S.C.A. § 501, et al. (the "SCRA"). Ameriquest is not unsympathetic to Plaintiff's situation, but she has filed a Complaint that is unintelligible, fails to state any claim against Ameriquest, and has required Ameriquest to defend itself for months while Plaintiff now claims, on the eve of dismissal, that she is unable to prosecute her case because she is in Arizona. This case is Plaintiff's and simply being located in the military in Arizona should not allow her to freeze the defective lawsuit she filed to avoid the inevitable dismissal. Accordingly, this matter is properly pending before this Court and Plaintiff has not made the requisite showing to be entitled to a stay or remand.

In addition, Plaintiff's Motion for Extension should be denied because Plaintiff has failed to show cause why an extension is necessary -- especially when Plaintiff has had more than 43 days notice to correct serious defects in her Complaint that was filed more than 14 months ago.

## II. <u>PROCEDURAL HISTORY AND RELEVANT FACTS</u>

On April 7, 2006, Plaintiff Joyce Marie Griggs ("Plaintiff") filed this action in the Superior Court of Fulton County, Georgia. According to the document attached to Plaintiff's Motion for Extension, she received instructions from the Army on August 11, 2006 to report to duty in "Active Duty in Retired Status" on August 13, 2006. [Doc. 12]. Thereafter, for reasons unknown to Ameriquest, Plaintiff served Ameriquest on November 29, 2006 -- more than seven months after filing the Complaint. While

Plaintiff's Complaint lacks any specifically enumerated counts and/or claims and is very difficult to comprehend, Plaintiff appears to assert a host of claims against Ameriquest, including possible claims for alleged (1) negligent hiring/supervision; (2) false advertising; (3) failure to honor a rescission of a loan; (4) credit defamation; (5) deceptive and unfair business practices; (6) fraud; (7) falsifying a loan application; (8) violation of "federal and state predatory lending" laws; (9) breach of contract; (10) race/gender discrimination; (11) intentional infliction of emotional distress; (12) RICO; (13) unjust enrichment; and (14) injunctive relief to prevent the foreclosure of Plaintiff's home.  (See generally Plaintiff's Complaint).

   Apparently, six days after serving Ameriquest, and without notice to or service on Ameriquest, Plaintiff's counsel obtained an ex parte order from the Fulton County Superior Court staying the case pursuant to 50 U.S.C. §§ 513 et seq.  [Doc. 7].  Unaware of the Order staying the case, Ameriquest removed the action to this Court on December 29, 2006 based on both federal question and diversity jurisdiction.  [Doc. 1].  Plaintiff's counsel received a service copy of the Notice of Removal but did not file any objection. On January 8, 2007, Ameriquest filed a Motion to Dismiss or alternative Motion for More Definite Statement.  [Doc. 2].  Plaintiff failed to file a response to Ameriquest's Motion to Dismiss and on April 25, 2007, the Honorable Linda T. Walker entered a

Magistrate Judge's Report and Recommendation recommending that Plaintiff be required to amend the Complaint to provide a more definite statement of her claims. [Doc. 5].

On May 24, 2007, the Honorable Charles A. Pannell, Jr. entered an Order adopting Judge Walker's Report and Recommendation and ordered Plaintiff to file an Amended Complaint, within 10 days of the date of the order, stating with specificity (1) what claims Plaintiff is bringing and under what laws, (2) the defendants against whom each claim is being asserted, (3) the particular acts or omissions on which Plaintiff bases each of her claims, and (4) to the extent Plaintiff is averring claims for fraud, the circumstances on which those claims are based.  [Doc. 6].  Despite the Court's Order, Plaintiff failed to file an Amended Complaint in this action.  Instead, on June 4, 2007, Plaintiff's counsel filed a "Motion to Stay Under the Soldiers' and Sailors' Civil Relief Act of 1940."  [Doc. 9].  Plaintiff then filed two pro se motions on June 7, 2007: a Motion to Remand and Stay and a Motion for Extension asking that she not have to correct her incompetent Complaint until after the Court rules on the Motions to Stay and Remand. [Docs. 11 and 12].

Because Ms. Arrington has not been admitted to practice law in this Court, an Order was issued on May 31, 2007 requiring Ms. Arrington to comply with the Bar Admissions requirements of this Court or face possible sanctions.  [Doc. 8].  Ameriquest is unaware whether Ms. Arrington has complied with the Court's May 31, 2007 Order.

Since it is unclear whether Plaintiff is appearing pro se or being represented by counsel in this action, Ameriquest files this Opposition in response to all of the Motions filed by or on behalf of Plaintiff seeking to excuse Plaintiff from amending her Complaint to provide a more definite statement of her purported claims.

### III. ARGUMENT AND CITATION TO AUTHORITY

#### A. Plaintiff's Motions to Stay Must be Denied Because Plaintiff Failed to Make the Requisite Showing to be Entitled to Relief Under the SCRA.

As an initial matter, Plaintiff is relying on the wrong statute to seek a stay for her military service. The Soldiers' and Sailors' Civil Relief Act of 1940 was amended in 2003 and is now known as the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501, et al. While a stay would typically be granted under the former Soldiers' and Sailors' Civil Relief Act unless, in the opinion of the court, the ability of the plaintiff to prosecute the action would not be materially affected by reason of her military service, the SCRA requires more to obtain a stay. Under the SCRA, "at any stage before final judgment in a civil action or a proceeding in which a servicemember … is a party, the Court may, on its own motion, and shall, upon application by the servicemember, stay the action for a period of not less than 90 days," if certain conditions are met. 50 U.S.C. App. § 522(b)(1).

An application for stay **must** include: (1) a letter or other communication setting forth facts stating the manner in which current military duty requirements materially

affect the servicemember's ability to appear and stating a date when the service member will be available to appear; and (2) a letter or other communication from the servicemember's commanding officer stating that the service member's current military duty prevents appearance and that the military leave is not authorized for the service member at the time of the letter. 50 U.S.C. App. § 522(b)(2)(A)(B).

Plaintiff failed to submit the requisite letters or other communications required by the SCRA. Plaintiff did not provide a letter or other communication setting forth facts stating the manner in which her current military duty requirements would materially affect her ability to appear and participate in this action, nor did Plaintiff provide a date when she would be available to appear. In addition, Plaintiff failed to provide a letter or other communication from Plaintiff's commanding officer stating that Plaintiff's current military duty prevents Plaintiff from appearing and participating in this action and that military leave would not be authorized.

Indeed, Plaintiff failed to submit any evidence, other than her assertions that she is on active duty in Arizona, to support her Motion to Stay. (See Plaintiff's Motion to Stay Under the Soldiers' and Sailors' Civil Relief Act of 1940, p. ¶ 7; Plaintiff's Pro Se Motion to Remand and Stay, ¶ 10). Plaintiff is not automatically entitled to a stay under the SCRA just because she may be on active duty -- Plaintiff must satisfy all of the requirements of the SCRA. See City of Pendergrass v. Skeleton, 278 Ga. App. 37, 628

S.E.2d 136 (2006) (holding that servicemember was not entitled to stay under the SCRA because servicemember did not submit letter from commanding officer indicating that military leave was not authorized). Plaintiff has retained counsel who filed the original defective Complaint, and there is no reason that her counsel cannot continue to represent her, amend the Complaint to state a claim, and prosecute this action while Plaintiff is in Arizona.[1] In fact, Plaintiff actually served Ameriquest three months after being put on active duty, and after waiting more than seven months after filing this case. Because Plaintiff failed to make the necessary showing to be entitled to a stay under the SCRA, a stay is not appropriate and Plaintiff's Motions for Stay must be denied.

### B. Plaintiff's Motion to Remand Must be Denied Because Plaintiff Failed to Seek Remand Within the Time Period Specified Under the Federal Rules.

While it is unclear from Plaintiff's Motions, it appears that Plaintiff is seeking to have this action remanded back to the Superior Court of Fulton County based on the stay Order issued out of that court. Plaintiff does not question this Court's subject matter jurisdiction. There is no dispute that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. Therefore, Plaintiff has no real grounds to seek a remand to state court. Second, despite Plaintiff's contentions to the contrary, Ameriquest was not

---

[1] This assumes that Ms. Arrington takes the steps to become admitted to this Court's bar.

aware of the Order staying this action in the Superior Court of Fulton County, and there is no proof of service of the Order on Ameriquest or Ameriquest's counsel. Plaintiff's counsel of record, Audrey Arrington, did not notify Ameriquest's counsel that an Order had been issued staying the litigation until after the case had been removed to this Court on December 29, 2006. Ameriquest's counsel suggested to Ms. Arrington that she should obtain a similar Order in this Court and Ms. Arrington indicated that she would file the necessary pleadings to do so. Without an order in this Court, Ameriquest was required under the rules to continue to defend this case and meet the various deadlines.

Although Ameriquest had no knowledge of the Order in Superior Court when it filed the removal, even if Ameriquest had been aware that the Superior Court action had been stayed, Ameriquest had no choice but to remove this action when it did under the Federal Rules. The Superior Court judge had no authority or jurisdiction to extend Ameriquest's time to remove the case, and the Order did not stay a proper removal. Because Ameriquest was served with Plaintiff's Complaint on November 29, 2006, Ameriquest had until December 29, 2006 to file its Notice of Removal pursuant to 28 U.S.C. § 1446 or risk losing the opportunity to remove this action at all.

Moreover, Plaintiff's Motion to Remand should be denied because Plaintiff has waived her right to seek remand for any alleged procedural flaws. 28 U.S.C. § 1447(c) states in pertinent part that: "[a] motion to remand the case on the basis of any defect

other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal under [28 U.S.C.] section 1446(a)."  Ameriquest's Notice of Removal was filed and properly served on December 29, 2006 and Plaintiff's counsel of record does not dispute service of it or her receipt of it.  However, Plaintiff waited more than six months -- when faced with dismissal -- to file her Motion to Remand on June 4, 2006.  Because Plaintiff does not allege that this Court lacks subject matter jurisdiction, Plaintiff has waived any right to seek a remand of this action and Plaintiff's Motion to Remand must be denied.

### C.  Plaintiff's Motion for Extension Must be Denied Because Plaintiff has Failed to Show Cause Why an Extension is Necessary.

Federal Rule of Civil Procedure 6(b) states, in pertinent part, as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court **for cause shown** may at any time in its discretion (1) … order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order… (emphasis added).

Accordingly, the party moving for an enlargement of time must show cause why an extension is necessary before the relief can be given under the Federal Rules.

In the present Motion, Plaintiff requests an extension to file the Amended Complaint until after the Court rules on the pending Motions to Stay and Remand. (Plaintiff's Motion for Extension, p. 1).  However, Plaintiff fails to show cause why the

requested extension is necessary. Indeed, Plaintiff has provided no reason, other than the assertions in the Motions to Stay, why the extension should be granted. The extension should be denied especially in light of the fact that Plaintiff was put on notice as early as April 25, 2007 -- the date of Judge Walker's Report and Recommendation -- that Plaintiff's Complaint, as filed in April 2006, was defective and required a more definite statement. Plaintiff did not object to Judge Walker's Report and Recommendation and therefore accepted Judge Walker's findings contained therein. Plaintiff has not, and cannot, show cause why Plaintiff has been unable to file an Amended Complaint which makes coherent and intelligible allegations against Ameriquest within the 43 day time period between Judge Walker's Report and Recommendation filed in this action on April 25, 2007 and Plaintiff's Motion for Extension filed on June 7, 2007. There is nothing to link Plaintiff's current residence in Arizona to her alleged inability, and it is no coincidence that Plaintiff has suddenly taken an interest in this case on the eve of dismissal. Because Plaintiff has failed to show cause why an extension is necessary or warranted, Plaintiff's Motion for Extension should be denied.

      WHEREFORE, for the foregoing reasons, Ameriquest respectfully requests that this Court deny Plaintiff's Motions to Stay and Remand and Motion for Extension.

Respectfully submitted this 18th day of June, 2007.

/s/ John O'Shea Sullivan_____
John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Attorneys for Defendant
Ameriquest Mortgage Company

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **AMERIQUEST'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND STAY AND MOTION FOR EXTENSION** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

/s/ John O'Shea Sullivan_____
John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com

239710 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2007, I electronically filed the foregoing **AMERIQUEST'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND STAY AND MOTION FOR EXTENSION** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney of record:

>   Audrey Arrington
>   1456 Centra Villa Drive, S.W.
>   Atlanta, Georgia  30311

A copy of the foregoing has also been served on the following by directing same to their addresses through first-class, United States mail, postage prepaid:

>   Audrey Arrington
>   1456 Centra Villa Drive, S.W.
>   Atlanta, Georgia  30311

>   Joyce M. Griggs
>   P.O. Box 4033
>   Sierra Vista, Arizona 85636

>                                     /s/ John O'Shea Sullivan_____
>                                     John O'Shea Sullivan
>                                     Georgia Bar No. 691305
>                                     shea.sullivan@burr.com

239710 v1