IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOYCE MARIE GRIGGS,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**AMERIQUEST MORTGAGE** )<br>**COMPANY, and JOHN DOES 1-10,** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br>**FILE NO. 1:06CV3147-CAP-LTW** |

## RENEWED MOTION TO DISMISS

COMES NOW Defendant Ameriquest Mortgage Company ("Ameriquest") and hereby renews its Motion to Dismiss and Memorandum in Support filed in this action on January 8, 2007. Plaintiff Joyce Marie Griggs ("Griggs") has failed to amend her Complaint as ordered by this Court and Ameriquest's Motion to Dismiss is ripe for consideration.

## I. <u>PROCEDURAL HISTORY</u>

On April 7, 2006, Griggs filed this action in the Superior Court of Fulton County, Georgia. Griggs served Ameriquest on November 29, 2006 -- more than seven months after filing the Complaint. While Griggs' Complaint fails to enumerate or label her

purported claims and is very difficult to understand, Griggs appears to intend to assert claims against Ameriquest arising out of a mortgage loan, including possible claims for alleged (1) negligent hiring/supervision; (2) false advertising; (3) failure to honor a rescission of a loan; (4) credit defamation; (5) deceptive and unfair business practices; (6) fraud; (7) falsifying a loan application; (8) violation of "federal and state predatory lending" laws; (9) breach of contract; (10) race/gender discrimination; (11) intentional infliction of emotional distress; (12) RICO; (13) unjust enrichment; and (14) injunctive relief to prevent the foreclosure of Griggs' home.  (See generally Plaintiff's Complaint).

Without notice to or service on Ameriquest, Griggs' former counsel, Audrey Arrington,[1] obtained an ex parte order from the Fulton County Superior Court staying the case pursuant to 50 U.S.C. §§ 513 et seq.  [Doc. 7].  Ameriquest removed the action to this Court on December 29, 2006 based on both federal question and diversity jurisdiction.  [Doc. 1].  Griggs' former counsel received a service copy of the Notice of Removal but did not file any objection.  On January 8, 2007, Ameriquest filed a Motion to Dismiss or alternative Motion for More Definite Statement.  [Doc. 2].  Griggs failed to file a response to Ameriquest's Motion to Dismiss and on April 25, 2007, the Honorable

---

[1] Because Ms. Arrington had not been admitted to practice law in this Court, the Court entered an Order on May 31, 2007 requiring Ms. Arrington to comply with the admission requirements of this Court or face possible sanctions.  [Doc. 8].  Ms. Arrington failed to comply with the Court's May 31, 2007 Order and was terminated as counsel of record for Griggs by Order dated December 12, 2007.  [Doc. 18].

Linda T. Walker entered a Magistrate Judge's Report and Recommendation recommending that Griggs be required to amend the Complaint to provide a more definite statement of her claims. [Doc. 5].

On May 24, 2007, the Honorable Charles A. Pannell, Jr. entered an Order adopting Judge Walker's Report and Recommendation and ordered Griggs to file an Amended Complaint, within 10 days of the date of the order, stating with specificity (1) what claims Griggs is bringing and under what laws, (2) the defendants against whom each claim is being asserted, (3) the particular acts or omissions on which Griggs bases each of her claims, and (4) to the extent Griggs is averring claims for fraud, the circumstances on which those claims are based. [Doc. 6]. Despite the Court's Order, Griggs failed to file an Amended Complaint in this action. Instead, on June 4, 2007, Griggs' former counsel filed a "Motion to Stay Under the Soldiers' and Sailors' Civil Relief Act of 1940." [Doc. 9]. Griggs then filed two pro se motions on June 7, 2007: a Motion to Remand and Stay and a Motion for Extension asking that she not have to correct her incompetent Complaint until after the Court rules on the Motions to Stay and Remand. [Docs. 11 and 12]. The Court granted Griggs' Motion for Extension of Time but denied Griggs' Motion to Remand. [Doc. 14]. By Order dated July 16, 2007, the Court granted Griggs' Motion to Stay this matter for 180 days. [Doc. 17] The stay expired on January 14, 2008 and Griggs has failed to file an Amended Complaint in this action.

Counsel for Ameriquest has recently been notified that on January 11, 2008, Griggs filed another lawsuit against Ameriquest for claims arising out of her loan in the United States District Court for the Northern District of Illinois, Eastern Division (the "Illinois Lawsuit").  A true and correct copy of the Complaint in the Illinois Lawsuit is attached hereto as Exhibit "A" and incorporated herein by reference.  In the Illinois Lawsuit, in which Griggs is represented by counsel, she asserts claims for violations of the Truth in Lending Act and state law in connection with the same loan as in this action.

Counsel for Ameriquest also recently received a copy of a letter dated January 16, 2008 that Griggs apparently sent to the United States Judicial Panel on Multidistrict Litigation (the "MDL") notifying the MDL that the matter pending in this Court may be a "tag-along" action to the multidistrict litigation involving Ameriquest.  A true and correct copy of Griggs' January 16, 2008 letter to the MDL is attached hereto as Exhibit "B" and incorporated herein by reference.  Griggs failed to mention the Illinois Lawsuit in her January 16th letter to the MDL even though it was filed five days prior on January 11, 2008.  In addition, it does not appear that Griggs has filed any notification of her request to the MDL in the pending matter.  Incidentally, the MDL proceedings against Ameriquest are also pending in the Northern District of Illinois before Judge Aspen. Counsel for Ameriquest in this case is unaware whether Griggs' Illinois Lawsuit has become part of the MDL proceedings.

## II. ARGUMENT AND CITATION OF AUTHORITY

It is well established that "as between federal district courts, … the general principal is to avoid duplicative litigation." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).  This doctrine "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  Id.

In the case at bar, it makes sense to dismiss this case.  Griggs has another case pending, where she is represented by counsel, and in which her claims against Ameriquest can be adjudicated.  There is no need to continue the case at bar in this Court which duplicates efforts of Ameriquest's counsel and the two courts in which the cases are pending.  There is no sound reason for Griggs to be allowed to participate in these separate, parallel actions, and this is especially true here because, as illustrated in Ameriquest's Motion to Dismiss and Memorandum in Support, Griggs has failed to state any claims against Ameriquest and has failed to attempt to amend the complaint to correct the obvious deficiencies.  This Court has already found in its May 24, 2007 Order adopting the Report and Recommendation of Magistrate Judge Walker that the Complaint is insufficient and must be amended or dismissed.  [Doc. 6].  Because this action is no longer stayed, and because Griggs can have her claims heard in Illinois where she has counsel, Ameriquest's Motion to Dismiss, which has been pending for more than

- 5 -

one year, is ripe for consideration.  Ameriquest respectfully requests that the Court issue a ruling on the Motion and dismiss this action.

WHEREFORE, Ameriquest hereby renews its Motion to Dismiss and Memorandum In Support and, for the reasons stated therein, respectfully requests that this Court dismiss Griggs' Complaint, and this action in its entirety.

Respectfully submitted this 23rd day of January, 2008.

s/Kwende B. Jones
John O'Shea Sullivan
Georgia Bar No. 691305
shea.sullivan@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Attorneys for Defendant
Ameriquest Mortgage Company

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **RENEWED MOTION TO DISMISS** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

s/Kwende B. Jones
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2008, I electronically filed the foregoing **RENEWED MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system and served same on Pro Se Plaintiff by U.S. First Class Mail:

> Joyce Griggs
> 901 N. Nelson Street, #1308
> Arlington, VA  22203

> s/Kwende B. Jones
> John O'Shea Sullivan
> Georgia Bar No. 691305
> shea.sullivan@burr.com
> Kwende B. Jones
> Georgia Bar No. 041155
> kbjones@burr.com

# EXHIBIT A

**FILED**

**JANUARY 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 258**

| | |
|---|---|
| BOBBY and KAREN JAGOE, and JOYCE GRIGGS, | ) |
| | ) |
| Plaintiffs, | ) No. |
| | ) |
| vs. | ) |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
| AMC MORTGAGE SERVICES, INC., | ) JURY TRIAL DEMAND |
| ACC CAPITAL HOLDINGS, AMERIQUEST | ) **JUDGE CASTILLO** |
| MORTGAGE SECURITIES INC.; DEUTSCHE | ) **MAGISTRATE JUDGE VALDEZ** |
| BANK NATIONAL TRUST COMPANY in its | ) |
| own capacity and as Trustee for ASSET BACKED | ) |
| FUNDING CORPORATION MORTGAGE LOAN | ) |
| ASSET-BACKED CERTIFICATES, SERIES | ) |
| 2005-AQ1 and as Trustee for AMERIQUEST | ) |
| MORTGAGE SECURITIES INC., ASSET | ) |
| BACKED PASS THROUGH CERTIFICATE, | ) |
| SERIES 2005-R4 and as Trustee for | ) |
| AMERIQUEST MORTGAGE SECURITIES INC., | ) |
| ASSET BACKED PASS THROUGH | ) |
| CERTIFICATE, SERIES 2005-R1 and ASSET | ) |
| BACKED FUNDING CORPORATION | ) |
| MORTGAGE LOAN ASSET-BACKED | ) |
| CERTIFICATES, SERIES 2005-AQ1, | ) |
| AMERIQUEST MORTGAGE SECURITIES INC., | ) |
| ASSET BACKED PASS THROUGH | ) |
| CERTIFICATE, SERIES 2005-R4 and | ) |
| AMERIQUEST MORTGAGESECURITIES INC., | ) |
| ASSET BACKED PASS THROUGH | ) |
| CERTIFICATE, SERIES 2005-R1 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1.     Plaintiffs charge defendants with failure to honor valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under federal law.  This Court has supplemental jurisdiction over plaintiffs' claims under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

## PARTIES

4.      Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company.

5.      Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with those refinancing transactions and took security interests in plaintiffs' homes.  Defendant AMC Mortgage Services, Inc. serviced plaintiffs' mortgages.  Defendants ACC Capital Holdings and Ameriquest Mortgage Securities Inc. participated in the illegal scheme.  Defendant Deutsche Bank National Trust Company as Trustee for Asset Backed Funding Corporation Mortgage Loan Asset-Backed Certificates, Series 2005-AQ1 and/or as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificate, Series 2005-R4 and/or Asset Backed Funding Corporation Mortgage Loan Asset-Backed Certificates, Series 2005-AQ1 and/or Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificate, Series 2005-R4 is the owner/assignee of the Jagoe mortgage.  Defendant Deutsche Bank National Trust Company as trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, Series 2005-R1 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, Series 2005-R1 is the

2

owner/assignee of the Griggs mortgage.

## COUNT ONE -- TRUTH IN LENDING ACT

6.    Plaintiffs incorporate paragraphs one through five above.

7.    Ameriquest's disclosures to plaintiffs in connection with plaintiffs'
mortgage refinancing transactions did not comply with the requirements of the Truth in
Lending Act. More specifically, the disclosures were deficient in the following ways:

### Bobby and Karen Jagoe

8.    Ameriquest's disclosures to plaintiffs Bobby and Karen Jagoe in
connection with plaintiffs' mortgage refinancing transaction did not comply with the
requirements of the Truth in Lending Act. Among other things, the Notice of Right to
Cancel forms delivered to plaintiffs at the closing did not include the date that the
rescission period expired. Second, Ameriquest only delivered two Notice of Right to
Cancel forms and both were directed to Bobby Jagoe. Thus, Ameriquest did not deliver
any Notice of Right to Cancel forms to Karen Jagoe and the forms provided to Mr. Jagoe
made it appear that only he had the right to rescind. Moreover, Ameriquest told Mr.
Jagoe that if he made regular mortgage payments he would be able to refinance into a
fixed rate loan at a much lower interest rate before the mortgage interest rate adjusted
upwards, thereby misleading plaintiffs as to the cost of credit.

### Joyce Griggs

9.    Ameriquest's disclosures to Joyce Griggs did not comply with the
requirements of the Truth in Lending Act. Ameriquest only delivered one copy of the
Notice of Right to Cancel form to Ms. Griggs, rather than the two copies required by law.
Also, the Notice of Right to Cancel form has an incorrect expiration date because the
Griggs' loan transaction really closed on January 21, 2005, not January 20, 2005 as stated
in the loan papers. Ameriquest misled Ms. Griggs as to the interest rate should would be
charged. Moreover, Ameriquest gave Ms. Griggs a one week right to cancel form which
was misleading in that Ameriquest ignored a rescission notice sent by Ms. Griggs within

3

the one week period. Furthermore, Ameriquest provided plaintiff a document
(**APPLICATION DISCLOSURE**) which said that she would owe $325 if she cancelled
the deal, a statement which misrepresented the effects of rescission.

## COUNT TWO – VIOLATION OF STATE LAW

10.    Plaintiffs incorporate paragraphs one through nine above.

11.    In connection with trade or commerce, Ameriquest made false and
misleading statements to plaintiffs intending to induce reliance. Ameriquest baited
plaintiffs into mortgage transactions by offering a relatively favorable set of terms and
then switched to more expensive terms. More specifically:

### Bobby and Karen Jagoe

12.    In or about May 2005, Ameriquest representative Max Montoya spoke by
telephone to plaintiff Bobby Jagoe and initially quoted him an interest rate of 6.1%; the
actual initial interest rate turned out to be 7.45% and could go as high as 13.45%. Also,
in the telephone conversations, Mr. Montoya assured Mr. Jagoe that if he made regular
mortgage payments he would be able to refinance into a fixed rate loan with a lower
interest rate before his interest rate adjusted upwards; this turned out not to be true.

### Joyce Griggs

13.    In or about January 2005, plaintiff Joyce Griggs spoke several times on
the telephone to an Ameriquest representative named Joseph Berhund who promised her
an initial interest rate of 8% and told her she would be able to refinance to a lower rate
before her interest rate adjusted upwards. In fact, the initial interest rate on the Griggs
loan was 10.5%.

14.    Ameriquest's false and misleading statements to plaintiffs violated
plaintiffs' rights under applicable state law.

15.    Ameriquest's false and misleading statements deceived plaintiffs and
proximately caused them injury.

16.    The other defendants knowingly aided and abetted this illegal behavior by

4

Ameriquest, and knowingly participated in an illegal conspiracy and joint venture with Ameriquest, and are therefore also liable to plaintiffs.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

      a.    canceling the appropriate defendants' security interests in plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

      b.    awarding appropriate statutory damages against Ameriquest;

      c.    awarding plaintiffs costs, penalties, and attorneys fees;

      d.    awarding plaintiffs actual and punitive damages;

      e.    granting such other relief as the Court deems just and proper.

Respectfully Submitted By:

/s/ Anthony P. Valach, Jr
Counsel for Plaintiffs

THE LAW OFFICES OF DANIEL HARRIS
Daniel Harris
Anthony Valach
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936

# EXHIBIT B

Joyce Griggs
901 N. Nelson St. #1308
Arlington, VA 22203

**VIA US MAIL**

January 16, 2008

United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255
North Lobby
Washington, DC 20002-8004

Dear MDL Panel:

This letter serves to provide notice to the Judicial Panel on Multidistrict Litigation of a potential "tag-along" action as defined in Panel Rule 1.1. I am a pro se litigant in the case <u>Joyce Marie Griggs v. Ameriquest Mortgage Company, and John Does 1-10</u>, case number 1:06CV3147-CAP-LTW that is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division. I have attached a copy of the complaint that was originally filed in Georgia state court, Notice of Removal and the current docket sheet. I believe that this case is a potential "tag-along" action to <u>IN RE Ameriquest Mortgage Co. Mortgage Practices Litigation</u>, MDL 1715 that is currently pending in the United States District Court for the Northern District of Illinois.

Sincerely,

Joyce Griggs

IN THE US DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

JOYCE M. GRIGGS
PLAINTIFF,
VS.                                    CASE #1:06-CV-03147-CAP-LTW
AMERIQUEST MORTGAGE, ET. EL.
DEFENDANTS

MOTION TO TRANSFER

COMES NOW, the Plaintiff and requests that this court transfer the above case to the
Multi District Litigation Division pursuant to Panel Rule 1.1. Plaintiff would also show
that she is still on active duty with the U.S. Army in support of the Global War on
Terrorism and constantly on temporary duty (traveling).

WHEREFORE, Plaintiff requests that said motion be granted.

Joyce M. Griggs
Pro Se

901 N. Nelson St.#1308
Arlington, VA 22203

CERTIFICATE OF SERVICE
I certify that I have this day, January 15, 2008 mailed a copy of the same to:
   John Sullivan, Esq.
   171 Seventeenth Street N.W., Suite 1100
   Atlanta, GA 30363

Joyce M. Griggs
Pro Se

IN THE US DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

JOYCE M. GRIGGS                                 CASE #1:06-CV-03147-CAP-LTW
PLAINTIFF,
VS.
AMERIQUEST MORTGAGE, ET. EL.
DEFENDANTS

ORDER

The Motion to Transfer having been presented and good cause shown, said

motion is hereby Granted.

So Ordered this _____ day of January, 2008.


_____
U.S. District Court
Northern District of Georgia

4months, STAY, SUBMDJ-TIL

**U.S. District Court**
**Northern District of Georgia (Atlanta)**
**CIVIL DOCKET FOR CASE #: 1:06-cv-03147-CAP-LTW**

Griggs v. Ameriquest Mortgage Company et al | Date Filed: 12/29/2006
Assigned to: Judge Charles A. Pannell, Jr. | Jury Demand: None
Referred to: Magistrate Judge Linda T. Walker | Nature of Suit: 371 Truth in Lending
Case in other court: Superior Court of Fulton County, 2006-CV-115131 | Jurisdiction: Federal Question
Cause: 15:1601 Truth in Lending |

**Plaintiff**

**Joyce Marie Griggs** represented by **Joyce Marie Griggs**
Holiday Inn Express
2118 Emmorton Park Road
Edgewood, MD 21040
PRO SE

V.

**Defendant**

**Ameriquest Mortgage Company** represented by **John O'Shea Sullivan**
*A Delaware Corporation* Burr & Forman LLP-ATL
Northern District of Georgia (Atlanta) 171 17th Street, NW
CIVIL DOCKET FOR CASE Suite 1100
Atlanta, GA 30363
404-815-3000
Fax: 404-817-3244
Email: ssulliva@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kwende B. Jones**
Burr & Forman
171 17th Street, NW
Suite 1100
Atlanta, GA 30363
404-815-3000
Email: kbjones@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2006 | 1 | NOTICE OF REMOVAL with COMPLAINT filed by Ameriquest Mortgage Company. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $ 350.00 receipt number 55974.) (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Civil |

CM/ECF LIVE v3 - U.S. District Court - Docket Report          https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?119479237266695-L_5...

| | | |
|---|---|---|
| | | Cover Sheet)(epm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 01/03/2007) |
| 01/08/2007 | 2 | MOTION to Dismiss with Brief In Support by Ameriquest Mortgage Company. (Attachments: # 1 Brief)(Sullivan, John) (Entered: 01/08/2007) |
| 02/07/2007 | | Submission of 2 MOTION to Dismiss, submitted to Magistrate Judge Linda T. Walker. (adg) (Entered: 02/07/2007) |
| 02/08/2007 | 3 | Certificate of Interested Persons by Ameriquest Mortgage Company. (Sullivan, John) (Entered: 02/08/2007) |
| 02/08/2007 | 4 | PRELIMINARY REPORT AND DISCOVERY PLAN filed by Ameriquest Mortgage Company. (Sullivan, John) (Entered: 02/08/2007) |
| 04/25/2007 | 5 | REPORT AND RECOMMENDATION recommending granting in part and denying in part 2 MOTION to Dismiss filed by Ameriquest Mortgage Company. Signed by Judge Linda T. Walker on 4/25/07. (Attachments: # 1 Order for Service)(rth) (Entered: 04/25/2007) |
| 05/24/2007 | 6 | ORDER ADOPTING 5 Report and Recommendation; GRANTING IN PART AND DENYING IN PART 2 Motion to Dismiss. The motion is GRANTED as to its request for a more definite statement, but otherwise DENIED. The plaintiff is ORDERED to file, within 10 days of the date of this order, an amended complaint stating with specificity what claims she is bringing and under what laws the defendants against whom each claim is being asserted, the particular acts or omissions on which she bases those claims, and, to the extent the plaintiff is averring fraud, the circumstances on which such claims are based. Signed by Judge Charles A. Pannell Jr. on 5/24/2007. (adg) (Entered: 05/24/2007) |
| 05/24/2007 | 7 | NOTICE by Joyce Marie Griggs regarding stay of state court action and notice to proceed pro se. (adg) (Entered: 05/25/2007) |
| 05/25/2007 | | Copy of 6 Order adopting Report and Recommendation mailed to pro se plaintiff Joyce Griggs at P.O. Box 4033, Sierra Vista, AZ 85636. (adg) (Entered: 05/25/2007) |
| 05/25/2007 | | Copy of docket sheet mailed to pro se plaintiff Joyce Griggs. (adg) (Entered: 05/25/2007) |
| 05/31/2007 | 8 | ORDER Audrey Arrington shall have (10) days from receipt of this order to comply with the Bar Admissions requirements of this court, as contained in Local Rule 83.1. Said attorney's failure to comply with the Bar Admission's requirements will subject her to sanctions which ~~might result in a finding of contempt and the striking of all pleadings filed in~~ ~~behalf of the plaintiff in the~~ above action. Signed by Judge Charles A. Pannell Jr. on 5/31/2007. (adg) (Entered: 06/01/2007) |
| 06/04/2007 | 9 | MOTION to Stay and MOTION to Remand to State Court by Joyce Marie Griggs., (adg) (Entered: 06/06/2007) |
| 06/06/2007 | 10 | NOTICE OF REQUIREMENT TO FILE ELECTRONICALLY pursuant to Standing Order 04-01 as to Audrey Arrington re:9 MOTION to Stay and MOTION to Remand to State Court. (adg) (Entered: 06/06/2007) |
| 06/07/2007 | 11 | (Pro Se) MOTION to Stay and MOTION to Remand to State Court by Joyce Marie Griggs. (Attachments: # 1 Text of Proposed Order)(adg) (Entered: 06/12/2007) |
| 06/07/2007 | 12 | (Pro Se) MOTION for Extension of Time to File Response re: 6 Order on Motion to Dismiss, Order on Report and Recommendation by Joyce Marie Griggs. (Attachments: # 1 Text of Proposed Order)(adg) (Entered: 06/12/2007) |
| 06/18/2007 | 13 | RESPONSE in Opposition re 12 MOTION for Extension of Time to File Response re: 6 Order on Motion to Dismiss, Order on Report and Recommendation,,, 9 MOTION to Stay, MOTION to Remand to State Court, 11 MOTION to Stay MOTION to Remand to State Court filed by Ameriquest Mortgage Company. (Sullivan, John) (Entered: 06/18/2007) |

CM/ECF LIVE v3 - U.S. District Court - Docket Report     https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?119479237266695-L-5...

| | 06/21/2007 | | Submission of 11 MOTION to Stay MOTION to Remand to State Court, MOTION to Stay, MOTION to Remand to State Court, submitted to Magistrate Judge Linda T. Walker. (adg) (Entered: 06/21/2007) |
|---|---|---|---|
| | 06/21/2007 | | Submission of 12 MOTION for Extension of Time to File Response re: 6 Order on Motion to Dismiss, Order on Report and Recommendation, 8 Order, submitted to District Judge Charles A. Pannell. (adg) (Entered: 06/21/2007) |
| | 06/28/2007 | 14 | ORDER directing the plaintiff to submit the letter(s) required by the SCRA to the court within 10 days of the date of this order. The clerk is INSTRUCTED to resubmit this order to the court after 10 days. GRANTING 12 Motion for Extension of Time for plaintiff to respond to 6 Order. The court will set forth a time line for the plaintiff to comply with the May 24 order upon the expiration of the 10 day period provided for the plaintiff to comply with the requirements of the SCRA. Signed by Judge Charles A. Pannell Jr on 6/27/2007. (adg) (Entered: 06/29/2007) |
| | 07/13/2007 | 15 | NOTICE of Change of Address for Joyce Marie Griggs (7/10/07-8/9/07) (adg) (Entered: 07/13/2007) |
| | 07/13/2007 | 16 | SUPPLEMENT to 9 MOTION to Stay MOTION to Remand to State Court, 11 MOTION to Stay MOTION to Remand to State Court filed by Joyce Marie Griggs. (adg) (Entered: 07/13/2007) |
| | 09/16/2007 | | ORDER granting 9 Motion to Stay; DENYING ... Motion to Remand to State Court. The court will STAY this matter until the earlier of the plaintiff's release from active duty military... 30 days from the date of this order. The court will be willing to integrate a further stay into the proceedings if counsel for the plaintiff... otherwise DENIED. The clerk is INSTRUCTED to post the materials received by the court in the plaintiff's 7/2/07 letter to the docket. Signed by Judge Charles A. Pannell Jr on 9/14/2007. (adg) (Entered: 09/17/2007) |
| | 09/17/2007 | | ORDER directing counsel for plaintiff Audrey Arrington to show cause in writing within ten (10) days of the date of entry of this order why the Clerk should not strike her name from the docket as counsel of record (counsel is not admitted to the Bar of this Court). Signed by Judge Charles A. Pannell Jr on 9/14/07. (dfb) (Entered: 09/17/2007) |
| | 10/01/2007 | 19 | Mail Returned as Undeliverable Mail sent to Joyce Marie Griggs re 18 Order to Show Cause. (clk) (Entered: 10/03/2007) |
| | 10/05/2007 | | Submission of 18 Order to Show Cause, submitted to Magistrate Magistrate Judge Linda T. Walker. (clk) (Entered: 10/05/2007) |
| | 12/11/2007 | | Submission of 18 Order to Show Cause, submitted to District Judge Charles A. Pannell. (vrm) (Entered: 12/11/2007) |
| | 12/12/2007 | 20 | ORDER TERMINATING Audrey Arrington as counsel of record for the plaintiff for her failure to be admitted to the bar of this court. Plaintiff shall proceed pro se. The plaintiff is INSTRUCTED to provide the court with a valid mailing address and to notify the court promptly as to all future changes of address. Signed by Judge Charles A. Pannell, Jr on ... copy of order mailed to plaintiff at MB and LV addresses. (dfb) (Entered: 12/18/2007) |

**PACER Service Center**

Transaction Receipt

01/11/2008 18:42:40

| PACER Login: | rb0291 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:06-cv-03147-CAP-LTW |

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

_Joyce Griggs_

_____    CIVIL ACTION
                                NUMBER ___ _2006CV115131_
                PLAINTIFF

vs

_Ameriquest Mtg (company)_

_____
                DEFENDANT

SUMMONS

TO THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is

_Atty Audrey Arrington_
_1450 Central Villa Dr. NW_
_At, GA 30311 (404) 752-6249_

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint

This _____ day of _____, 19____

                                Juanita Hicks
                                Clerk of Superior Court

                                By _____
                                           Deputy Clerk

To Defendant upon whom this petition is served    _Ameriquest Mtg, 1100 Town Country Rd. Suite 450_
_orange, (CA) 72868_

This copy of complaint and Summons was served upon you _____ 19____

                                _____ Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed make addition sheet that the sheet if addendum sheet is used

6909-092 035

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



JOYCE MARIE GRIGGS,
PLAINTIFF

VS.

CIVIL ACTION NO. 2006CV115131

AMERIQUEST MORTGAGE COMPANY,
A DELAWARE CORPORATION AND JOHN DOES
1-10

SECOND ORIGINAL
COPIES

COMPLAINT

COMES NOW, the Plaintiff and files this her complaint against the
Defendants and states the following:

1. Defendants are a foreign profit company in the business of national mortgage lending
   doing business throughout the United States.

2. Defendants are incorporated in the state of Georgia pursuant to the Secretary of State
   Office and have a registered agent: Karen Christensen at 3661 Venture Drive, Duluth,
   Georgia 30096.

3. Defendant Ameriquest is a privately held corporation organized pursuant to the laws
   of the State of Delaware. Ameriquest is the nation's largest privately held subprime
   lender. Ameriquest is a wholly owned subsidiary of privately held Ameriquest Capital
   Corporation.

4. Defendants Andy (unknown) last name, Joseph Berklund, are employees of
   Ameriquest with whom Plaintiff dealt with at the inception of the mortgage process.

5. Defendants Cheryl Fleming in the office of the President and Donald Larson are
   employees of Ameriquest with whom Plaintiff dealt with in an effort to resolve the
   dispute.

6. Defendants John Does 1-10, inclusive, are sued under fictitious names because their
   true names and capacities are unknown to Plaintiff, who will further amend this
   Complaint when their true names and capacities are learned. Plaintiff is informed
   and believes and on that basis allege, that each of the fictitiously named Defendants
   are responsible in some manner for the occurrences alleged herein, and that Plaintiffs
   damages were also caused by those Defendants.

7. Plaintiff is a resident of Georgia and was solicited by employees of Ameriquest by
   telephone and mail because of the large amount of equity in her home.

8. Plaintiff was suffering from a severe debilitating disease, Lupus at the time of this transaction and the stress from this ordeal caused severe emotional distress.

9. Defendants have a long history of maliciously, recklessly and willfully engaging in Predatory Lending Practices but consistently failed to correct the same inspite of being fined by numerous state and federal agencies.

10. Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and regulations in accordance with professional, industry wide best practices standards.

11. Defendants breached their duty to Plaintiff by negligently training and failing to adequately train and supervise their employees and agents to comply with professional, industry wide best practices standards and by allowing their employees and agents to operate with such inadequate training which caused damage to Plaintiff. Defendants' conduct fell below the standard of care as they trained and actively encouraged their employees and agents to act in violation of applicable Federal and State laws, rules and regulations and professional, industry wide best practices standards. Defendants failed to take reasonable steps to protect Plaintiff though they knew or should have known that their failure to adequately train their employees and agents would result in the detriment to Plaintiff and that Defendants' employees posed a reasonably foreseeable threat to Plaintiff absent adequate supervision, control and regulation.

12. Defendants breached their duty to Plaintiff by failing to adequately and properly supervise, control or regulate their employees and agents to preclude them from engaging in the unlawful conduct described hereinabove, or otherwise to take reasonable steps to protect Plaintiffs.

13. Defendants' negligent supervision was willful, wanton and in conscious disregard of Plaintiffs' rights, therefore Plaintiff is entitled to recover punitive damages in an amount no less than $2,5000.000.00.

14. Defendants have a history of forged documents, hype customers' creditworthiness, "juiced" mortgages with hidden rates and fees, promise certain interest rates and fees, only to change those rates at the time of the closing, not leaving true copies of loan documents with borrowers.

15. Defendants' advertising and marketing techniques were harassing, oppressive, false and misleading. Defendants used these materials to induce Plaintiff to enter into the transaction that was financially detrimental to Plaintiff and known by Defendant to be unconscionable, especially when compared to the risks involved and the income of Plaintiff.

16. Plaintiff timely faxed a cancellation of the loan to Ameriquest employees who failed to cancel the loan.

17. Plaintiff contacted the office of the President in an effort to resolve the disputes to no avail and later filed a complaint with the Georgia Department of Banking and Finance to no avail.

18. Defendants' employee, Donald Larkin told Plaintiff that the loan would be canceled but it was not.

19. Defendant called Plaintiff and harassed her about the loan payment thus causing her medical condition of Lupus to flare up which required medical attention.

20. Defendant employee Cheryl Fleming from the office of the President told Plaintiff not to make anymore payments and that she would take care of the matter and stop Ameriquest employees from calling her.

21. Defendants stopped calling Plaintiff but they placed the delinquencies on Plaintiff's credit report, thus damaging her credit and inability of getting another Mortgage Company to take out another mortgage to replace the Ameriquest mortgage.

22. Plaintiff filed a complaint with the State of Georgia Banking and Finance office about the illegalities she experienced with Defendants.

23. Georgia Banking and Finance representative contacted Defendants on Plaintiff behalf on numerous occasions to no avail.

24. Plaintiff reached an impasse with Defendants and the Georgia Banking and Finance representative, Mark Simpson directed Plaintiff to seek an Attorney for legal action.

25. Defendants engaged in illegal, unfair, unlawful, untrue, misleading and deceptive business practices in soliciting, inducing and closing Plaintiffs' loan.

26. Defendants engaged in a persistent "bait and switch" scheme. Defendants lured Plaintiff in with promises that her loan would have certain terms and conditions and later induced Plaintiff to sign the loan contract with significantly less favorable terms and conditions, far less beneficial.

27. Defendants committed fraud by making certain representations to Plaintiff that they knew or should have known were false;  Plaintiff relied upon the representations to her detriment and was damaged.

28. Defendants without Plaintiffs' knowledge or consent, falsified income stated on the loan application to qualify Plaintiff for a larger loan than she could afford which did not include property taxes or insurance.

29. Defendants without Plaintiffs knowledge or consent, stated on the loan application that Plaintiff was a "White male", when in fact she is an African American Female.

30. Defendants paid certain of Plaintiff creditors without her knowledge or consent; paid some creditors that had already been paid by Plaintiff and paid others more than was owed.

31. Defendants had couriers from Atlanta siting outside her house without her knowledge or consent that frightened her since she is a single woman. This action was akin to stalking the Plaintiff by Defendants employees.

32. Defendants had their closer show up at Plaintiff's place of abode very late at night, after midnight, approximately 1215 a.m.

33. Defendants used high-pressure sale tactics, deceit and omitted material facts and disclosures to close the loan and make a commission without regards to the impact on Plaintiff.

34. Defendants acts perpetuated against Plaintiff violated Federal and State laws including predatory lending.

35. Defendant's employees Joseph Berklund and Andy (unknown) last name, told Plaintiff that they would subordinate several judgements against her and they would be second on the deed which was not done.

36. Defendants by mistake sent one of their couriers to Plaintiffs' home with the subordinate agreement to sign. These agreements were meant for Plaintiffs' creditors to sign instead of Plaintiff.

37. Defendants wrongfully induced Plaintiff to enter into a mortgage that burdened her with a monthly payments that exceeded her monthly income after ordinary living expenses and which Defendants knew or should have known that the income could not support the Ameriquest loan.

38. Defendants charged unfair and excessive fees and expenses that bear no relation to the services rendered, the Plaintiffs' credit risk, or other legitimate considerations, and misled Plaintiff about those fees.

39. Defendants had a pattern of discriminatory practices-targeting borrowers on the basis of race, gender, national origin and provide those borrowers less favorable terms and

conditions in loan contracts than would be provided but for the borrowers' race, national origin, age and gender.

40. Due to the predatory lending and unfair business practices aforementioned, borrowers who enter loans with Defendants suffer foreclosure at a much higher rate than borrowers with loans from any other privately held subprime mortgage lender. Defendants are unconcerned by these foreclosures because Defendants profit from the exorbitant fees and expenses they reap in originating the loans. Defendants profit again by quickly selling the loans for inclusion in mortgage backed securities, which allows Defendants to bank the fees and costs paid by borrows while disguising and hedging the losses that may result from loans going into default.

41. Defendants performed these acts intentionally, maliciously, and with conscious indifference for Plaintiff legal rights and financial wellbeing. Despite numerous lawsuits, government investigations and community group actions aimed at stopping the Defendant's predatory lending practices, and despite Defendant's repeated promises of remedial measured in settlement agreements, Defendants continue to run their operations in a manner that enables, encourages and rewards these practices.

42. Plaintiff has been damaged and suffered severe emotional distress by the acts of the Defendants and need to be made whole by rescinding the mortgage loan, remove the negatives on her credit report placed there by Ameriquest, actual, special and punitive damages in an amount no less than $3,5000.000.00.

43. Defendants used documents other that the ones plaintiff signed to close the loan. Plaintiff did not sign the HUD statement Defendants used to close the loan and did not receive a copy until she questioned the legality of closing the loan without required signatures.

44. Defendants engaged in a pattern of RICO activity.

45. Plaintiff has as a direct and proximate result of Defendants' unfair and deceptive acts or practices suffered and continue to suffer damages, including but not limited to, all amounts paid or to be paid to Ameriquest damage to her reputation; inability to get credit.

46. Defendants have been unjustly enriched at the expense of Plaintiff who therefore is entitled to equitable restitution and disgorgement of profits and rescission of the loan for violation of Federal and State laws.

47. Plaintiff is entitled to recover from the Defendants actual, special, punitive damages, disgorgement of profits, injunctive relief; attorneys' fees for the intentional and malicious actions of the Defendants.

48 Plaintiff is entitled to injunctive relief to prevent the Defendants from foreclosing on her home located at 1 Bayspring Court, Savannah, Georgia 31405

WHEREFORE, Plaintiff demands the following relief

a.  Injunctive relief to prevent Defendants from foreclosing on her home.

b.  Actual and special damages;

c.  Declaratory judgment declaring Plaintiff the right to rescind her loan contract with Defendants;

d.  Disgorgement of profits;

e.  Restitution.

f.  Removal of negative marks on Plaintiff's credit report;

g.  Punitive damages;

h.  Attorneys' fees and costs;

i.  Jury trial; and

j.  Any other relief the court deems just and proper under the circumstances.


_____
Audrey Arrington
Attorney for Plaintiff
GBN: 023727


1458 Centra Villa Drive, SW
Atlanta, GA 30311
(404) 752-6249
(404) 752-0543 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to the following addresses through first-class, United States mail, postage prepaid, on this the _29th_ day of December, 2006:

>     Audrey Arrington
>     1456 Central Villa Drive, N.W.
>     Atlanta, Georgia  30311

Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

228956