# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

JAMES N. HATTEN
CLERK OF COURT

CIVIL SECTION
404-215-1655

April 7, 2008

FILED
APR 1 1 2008

08C1583

MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

Mr. Mike Dobbins, Clerk
USDC Northern District of Illinois
US Courthouse, 20th Floor
219 South Dearborn Street
Chicago, IL 60604

Re:   1:06-CV-3147-CAP, *Joyce M. Griggs v. Ameriquest Mortgage Co., et al*
      MDL 1715 - - In re Ameriquest Mortgage Co. Mortgage Lending
      Practices Litigation

Dear Mr. Dobbins:

Pursuant to an order of the MDL Panel filed March 11, 2008, we electronically transferred the above entitled case to your district for inclusion in MDL #1715 on March 25, 2008.

Enclosed you will find the original notice of change of address and amended complaint, which was filed in our court after the transfer was completed.

Please acknowledge receipt of this file upon the copy of this letter.

Sincerely,

James N. Hatten
Clerk of Court

        s/Andrea Gee
By: Andrea Gee, Deputy Clerk

Enclosures
cc:   Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**JOYCE M. GRIGGS,**
**PLAINTIFF**

VS.

**AMERIQUEST MORTGAGE COMPANY,**
**ANDY (UNKNOWN LAST NAME); JOSEPH**
**BERKLUND; CHERYL FLEMING**
**DONALD LARSON AND JOHN DOES -10**
**DEFENDANTS.**

CIVIL ACTION NO:
1:06CV3147-CAP-LTW

NOTICE OF ADDRESS CHANGE

Please note the following address change:

Joyce M. Griggs
P.O. Box 4033
Sierra Vista, AZ 85636
(520) 458-0931

This March 27, 2008.

CERTIFICATE OF SERVICE

I certify that I have this day mailed a copy of the same to:

Kwende B. Jones
Burr & Forman LLP
171 Seventeenth St. NW, Suite 100
Atlanta, GA 30363

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



JOYCE M. GRIGGS,
PLAINTIFF

VS.

CIVIL ACTION NO:
1:06CV3147-CAP-LTW

AMERIQUEST MORTGAGE COMPANY,
ANDY (UNKNOWN LAST NAME); JOSEPH
BERKLUND; CHERYL FLEMING
DONALD LARSON AND JOHN DOES -10
DEFENDANTS.

### AMENDED COMPLAINT

COMES NOW, Plaintiff in the above styled action, amends her complaint, incorporates the allegations in the original complaint herein, and states the following:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. 1640 (TILA) and 28 U.S.C. 1331 (general jurisdiction, 1332 (diversity jurisdiction) and 1337 (interstate commerce).

2. Venue is proper in this court pursuant to 28 U.S. C. 1391 and because Defendants have performed business in the State of Georgia.

**PARTIES**

3. Defendant Ameriquest Mortgage Company is a privately held corporation organized pursuant to the laws of the State of Delaware previously doing business throughout Georgia. Ameriquest was previously the nation's largest privately held subprime lender.

4. Defendant, Andy (unknown last name) was an employee of Ameriquest in Atlanta, Georgia.



5. Defendant, Joseph was a broker/employee of Ameriquest in Atlanta, Georgia and conducted business for the company with Plaintiff.

6. Defendant Cheryl Fleming was an employee of Ameriquest in the office of the president in California and told Plaintiff not to pay the loan since it was canceled.

7. Defendant Donald Larson was an employee of Ameriquest in California and told Plaintiff that the loan had been canceled.

8. Plaintiff Joyce M. Griggs is a soldier, conducted a special assignment in Iraq and presently resides in Sierra Vista, Arizona.

## BACKGROUND

9. Plaintiff seeks redress against Ameriquest Mortgage Company and the other Defendants for violation of the Truth in Lending Act, 15 U.S.C. 1601 et seq, RICO and fraud.

10. Plaintiff was solicited by employees of Defendant Ameriquest by mail and telephone to refinance her home.

11. Defendants used high-pressure tactics to get Plaintiff to refinance her home.

12. Plaintiff refinanced with the Defendants but rescinded the loan within the right of rescission period.

## VIOLATION OF TRUTH IN LENDING ACT

13. Defendants refinanced Plaintiff's mortgage and took a security interests in Plaintiff's home.

14. Ameriquest's disclosures in the refinancing of Plaintiff's home did not comply with the requirements of the Truth in Lending Act.

15. The recession period is extended to three years in this case pursuant to the Truth in Lending Act due to deficient disclosures and material TILA disclosures.

16. Defendant's material TILA and rescission disclosures were defective in that they issued two rescission disclosures that were confusing.

17. Plaintiff rescinded the mortgage prior to the conflicting right of rescission issued by Defendants.

18. Defendants failed to honor Plaintiff's recession and ruined her credit standing.

## VIOLATION OF FEDERAL RICO STATUTE

19. The Defendants as specifically pled herein, have violated 18 U.S.C. §§ 1962 (a), (b), (c), and (d).

20. Defendants are all "persons" as defined by 18 U.S.C. §1961(3).

21. A RICO "enterprise" may include any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. § 1961(4).

22. Defendants activities constitute an "enterprise" as defined by 18 U.S.C. § 1961(4). 57.

23. "Racketeering activity" is any act which is indictable under, among others, titles, United States Code, § 1341 (relating to mail fraud) and § 1343 (relating to wire fraud).

24. Defendants violated 18 U.S.C. § 1341 and § 1343 by using the telephone, U.S. Mail, and telephone communications to defraud Plaintiff.

25. Plaintiff was induced by fraudulent misrepresentation made by the Defendants to refinance her home for a higher amount.

26. Through a series of correspondence via mail and telephone, and in furtherance of a scheme to defraud Plaintiff, Defendants misled Plaintiff as to the interest rate of the loan.

27. Plaintiff did, in fact, rely on the representations of defendants to her detriment. Defendants have a pattern of predatory lending and unfair business practices.

28. Defendants lured Plaintiff in with promises that that the loan would have certain terms and conditions but was later determined not to be the case.

29. Plaintiff reliance on Defendants misrepresentations caused her damages and injury.

30. The racketeering activities referenced herein constitute a pattern of racketeering activity as defined by 18 U.S.C. § 1961(5).

31. The racketeering activities referenced herein pose a threat of continued racketeering by Defendants toward others similarly situated as Plaintiff.

32 In their scheme to defraud, Defendants have conspired to pursue activities in violation of 18 U.S.C. § 1962(d).

33. As a direct result of Defendants' violation of 18 U.S.C. § 1962 and false, fraudulent representations and promises made through the mail and over the telephone, and by reason of the conduct constituting said violations, Plaintiff has been injured in her property and is entitled to treble damages, attorney's fees and costs.

## Common Law Fraud

34. In furtherance of their scheme to defraud, and as specifically pled herein, Defendants have willfully, maliciously, and fraudulently made misrepresentations and concealments.

35. Defendants intentionally made certain representations to Plaintiff, knowing said representations were untrue at the time they were made. These representations included, among others, the following:

a. that the interest rate on the loan would be lower than it actually was;
b. that the loan was canceled;
c. that certain creditors would not be paid.

36. Defendants intentionally concealed certain information from Plaintiff, knowing that said information was material and that the withholding of this information would seriously damage Plaintiff.

37. These intentional misrepresentations and concealments were made knowingly by Defendants to deceive Plaintiff with the intent that Plaintiff rely on said misrepresentations and concealments.

38. Plaintiff, without any knowledge or indication that the misrepresentations were indeed false and without any indication from Defendants, that material information was being concealed from her, was induced into accepting the mortgage on her home.

39. Plaintiff has been damaged by Defendants' fraudulent misrepresentations and concealments in an amount to be determined.

40. Defendants' willful and fraudulent misrepresentations and concealments showed willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to plaintiff.

41. Defendants baited Plaintiff into a mortgage refinance by offering favorable terms initially and then switched to more expensive terms.

WHEREFORE, pursuant to the Truth in Lending Act, 15 U.S.C. 1601 et seq., RICO Act and common law fraud Plaintiff requests judgment against all named Defendants as follows:

A. cancellation of Defendant-Ameriquest security interest in Plaintiff's home;

B. actual, special, statutory and punitive damages;

C. removal of negatives from Plaintiffs credit report;

D. directing Defendants to pay costs, penalties, interest and attorney fees; and

E. such other relief as the court deems proper under the circumstances.

Joyce M. Griggs
Pro Se

P.O. Box 4033
Sierra Vista, AZ 85636
(520) 458-0931

This March 27, 2008.

## CERTIFICATE OF SERVICE

I certify that I have this day mailed a copy of the same to:

Kwende B. Jones
Burr & Forman LLP
171 Seventeenth St. NW, Suite 100
Atlanta, GA 30363