# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-7097 |
| THIS DOCUMENT RELATES TO: | Centralized before the Hon. Marvin E. Aspen |
| *Griggs v. Ameriquest Mortgage Company, et al.*, (Indiv. Case No. 08 C 1583) | Magistrate Judge Daniel G. Martin |

## REPORT AND RECOMMENDATION

On February 24, 2014, the district court dismissed Plaintiff Joyce Marie Griggs' claims against all Defendants with prejudice pursuant to a joint stipulation of dismissal. (Dkt. No. 31). Presently before the Court is Griggs' renewed motion to set aside and/or motion to enforce settlement. (Dkt. No. 46). For the reasons stated below, Griggs' motion should be denied.

## BACKGROUND

Griggs brought a complaint against Ameriquest and others alleging certain statutory violations and other improprieties in connection with a mortgage she obtained from Ameriquest in January 2005. On January 23, 2014, Ameriquest, Griggs, and Ocwen Loan Servicing LLC, now the servicer for the owner of Griggs' loan, entered into a settlement agreement negotiated by Griggs' then counsel in which Griggs was given an option to pay a discounted amount to Ocwen in full payment of her loan, excercisable by March 1, 2014, along with a payment by Ameriquest to Griggs and her counsel. (Dkt. No. 48 at 14-23). On February 23, 2014, Ameriquest paid Griggs and her counsel pursuant to the terms of the settlement agreement. (Dkt. No. 48 at 2, ¶ 3). This case was dismissed on February 24, 2014 pursuant to a joint stipulation of dismissal. (Dkt. No. 31). That same day, the deadline for Griggs to pay the discounted amount was extended to April

14, 2014 per Griggs' request. Griggs did not pay the discounted loan amount by April 14, 2014.

On September 17, 2015, Griggs, proceeding *pro se*, filed a motion to set aside seeking to reduce her mortgage to the discounted loan amount, set aside the parties' settlement agreement, or reopen settlement negotiations. (Dkt. No. 32).[1] Griggs' motion to set aside alleged that in 2014, Ameriquest and Ocwen interfered with her effort to have Navy Federal Credit Union ("Navy Federal") obtain information about the pay-off amount which precluded her from paying the discounted pay-off amount. On October 16, 2015, Ameriquest responded to Griggs' motion to set aside the settlement agreement. (Dkt. 34). Ameriquest's response reported that Griggs had recently completed a loan modification application package. *Id*. at 3. Ameriquest argued that there was no basis to set aside the settlement agreement, but Griggs and Ameriquest jointly requested that her motion be held in abeyance to allow Griggs and Ocwen to engage in loan modification discussions. *Id*. at 2-3.

On January 28, 2016, Judge Aspen referred the motion to set aside to this Court for resolution. (Dkt. No. 36). At the parties' request, the motion was held in abeyance while Griggs applied for a loan modification with Ocwen and the parties tried to negotiate a resolution of the motion. (Dkt. Nos. 37, 39, 40). On or about May 5, 2016, Griggs was offered a Home Affordable Loan Modification Trial Period Plan ("TPP"), requiring Griggs to make three monthly payments before a permanent modification would issue. (Case No. 05 C 7097, Dkt. No. 5746 at 3). Griggs made the three required TPP payments and the loan modification was finalized in August 2016. (Dkt. No. 45). Despite having negotiated a new mortgage deal, Griggs refused to dismiss her motion to set aside. Magistrate Judge Schenkier, sitting in for this Court, struck Griggs' motion to set aside without prejudice and granted Griggs leave to file a renewed motion to set aside settlement or a motion to enforce. *Id*. Judge Schenkier directed that any renewed motion to set

---

[1] Although Griggs is proceeding *pro se*, the Court notes that Griggs is a former attorney and an experienced litigator. (Dkt. 47 at 3).

aside the settlement agreement should discuss the effect of the recent loan modification on the request. *Id.*

On November 3, 2016, Griggs filed the present renewed motion to set aside and/or motion to enforce settlement.[2] (Dkt. 46). Griggs' renewed motion seeks to: (1) set aside the dismissal order and litigate the case in full, including asserting a claim against Ameriquest and Ocwen for failing to cooperate with Navy Federal when Griggs was seeking a new loan to pay-off the discounted loan amount and new claims such as malpractice against her former counsel, an "illegal foreclosure scheme" against Ocwen, and intentional infliction of emotional distress against Ameriquest and Ocwen and (2) enforce the settlement agreement by decreasing the loan to the discounted amount while the case is litigated. (Dkt. No. 46 at 3). On October 14, 2016, Ameriquest and Ocwen responded to Griggs' renewed motion. (Dkt. No. 47). Griggs filed a reply brief requesting that "this case be reopened and settlement set aside." (Dkt. No. 50 at 2).

**ANALYSIS**

Griggs' motion should be denied because she failed to seek relief within the time period specified under the federal rules. Although Griggs does not cite a particular Federal Rule of Civil Procedure in her motion, the Court assumes that she moves to set aside the settlement and reopen this case pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) governs the procedure for obtaining relief from final judgments and orders. Under Rule 60(b), a court may relieve a party from a final judgment or order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other

---

[2] Despite its title, the relief sought by the motion does not include enforcing the settlement agreement to remedy a breach of the settlement agreement.

reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). As the party seeking to upset the dismissal order, Griggs bears the burdens of both production and persuasion. *In re Canopy Financial, Inc.*, 708 F.3d 934, 937 (7th Cir. 2013).

A Rule 60(b) motion must be filed a within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). A court may not extend the time to act under Rule 60(b). Fed. R. Civ. P. 6(b)(2). "What constitutes a 'reasonable time' depends on the facts of each case.'" *Lundeen v. Frye*, 2016 WL 6826370, at *2 (7th Cir. 2016). "The court considers 'the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties.'" *Id*. Finally, it is "well-established that Rule 60(b) relief is 'an extraordinary remedy and is granted only in exceptional circumstances.'" *Harold Washington Party v. Cook County., Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993).

The Court reads Griggs' motion as based upon fraud, misrepresentation, or misconduct by an opposing party under Rule 60(b)(3). Griggs' original reason for seeking relief was Defendants'[3] alleged failure to provide Navy Federal with accurate and timely information necessary to process Griggs' new loan request, which prevented Griggs from obtaining a new loan and paying off her loan at the discounted pay-off amount. (Dkt. 32 at 1, ¶¶ 4-7). Griggs' renewed motion repeats her contention that Ameriquest and Ocwen withheld information from Navy Federal needed to obtain a new loan. (Dkt. 46 at 1, ¶¶ 4-7). Griggs did not act promptly to vacate the dismissal of her lawsuit based on alleged misconduct by Ameriquest. Griggs filed her original motion to set aside

---

[3] The Court assumes that when Griggs refers to "Defendants," she is referring to Ameriquest and Ocwen because Griggs notes that "Ocwen appears to be a party to this action." (Dkt. 50 at 2, ¶ 6). Ameriquest is correct that Ocwen is a non-party. Since Ocwen is not a party to this proceeding, it is not covered by Rule 60(b)(3). Rule 60(b)(3) provides relief from a judgment or order only upon a showing of fraud, misrepresentation, or misconduct "by an opposing party." Fed. R. Civ. P. 60(b)(3). Because Ocwen is a non-party, any alleged fraud, misrepresentation, or misconduct by Ocwen does not warrant relief from the dismissal order under Rule 60(b)(3).

more than 18 months after the district court dismissed her case. The dismissal order Griggs asks to set aside was entered on February 24, 2014, and Griggs did not file her motion to set aside until September 17, 2015 and her present motion until November 3, 2016. Rule 60(b)(3) sets a strict one-year time limit, with which Griggs did not comply.

Moreover, even if the relief sought could fall into the Rule 60(b)(6) catch-all category covering "any other reason that justifies relief," Griggs has not demonstrated that her motion was filed within a "reasonable time." Griggs' original contention was that Ameriquest and Ocwen interfered with her effort to have Navy Federal obtain information about the pay-off amount precluding her from paying the discounted pay-off amount, a claim Griggs would necessarily have been aware of as of the pay-off deadline of April 14, 2014. Griggs states that in 2014, she was working with Navy Federal to refinance her mortgage. (Dkt. 50 at 1, ¶ 3). According to Griggs, Laura Main of Navy Federal told her that "Ameriquest had not sent them the appropriate document to continue processing the loan." *Id*. Griggs says she "made numerous request[s] to Defendant[s] to provide Navy Federal Credit Union necessary information to process loan documents." (Dkt. 32 at 1, ¶ 5; Dkt. 46 at 1, ¶ 5). Griggs claims that as a result of Ameriquest's and Ocwen's actions, Navy Federal stopped processing her loan package and she was unable to obtain a new loan. *Id*. at ¶ 7. Griggs did not take any action to address the dismissal of her case until September 17, 2015, more than 17 months after the payoff deadline of April 14, 2014 when she knew about Ameriquest's and Ocwen's alleged failure to cooperate with Navy Federal.

Griggs has not offered any supported explanation for not filing her motion earlier. Griggs asserts that "she was hospitalized most of 2014 with a caregiver" and "was also hospitalized several times in 2015 and on life sustaining medical equipment." (Dkt. 46 at 2). Griggs' hospitalization allegations are unsupported by any evidence. There is also no evidence that Griggs' condition or hospitalizations in fact prevented her from filing her motion to set aside sooner. Under the circumstances of this case, an unexplained 17-month delay in filing her motion to set aside the

settlement was not a reasonable time.

Even if Griggs' motion was timely and the Court were to consider the merits, Griggs has not established extraordinary grounds sufficient to warrant relief. Griggs has not shown that the settlement agreement imposed any obligation on Ameriquest or Ocwen to assist Griggs in obtaining a new loan or that either Ameriquest or Ocwen did not fully cooperate with her efforts to pay-off the discounted amount. There is no evidence that Ameriquest or Ocwen did not provide information to Navy Federal and that this lack of information caused Navy Federal to not offer her a loan. Instead, the emails provided by Ameriquest and Ocwen show that Ocwen's counsel was responsive to Griggs and her mortgage broker's requests for information on February 21 and March 7, 2014 by providing responses to Griggs, Griggs' counsel and/or Griggs' mortgage broker with specific information within a short time frame. (Dkt. No. 49 at 6, 15). Griggs does not explain why the information provided by Ocwen was insufficient. Moreover, when Griggs' mortgage broker asked for an additional 45 days to pay off the loan, Ocwen's counsel agreed to the extension from March 1, 2014 to April 14, 2014 and drafted an extension agreement. (Dkt. No. 40 at 2, ¶ 9). There is also no evidence that Navy Federal ever tried to communicate with Ocwen's counsel, and Ocwen's counsel did not speak to anyone at Navy Federal about the Griggs loan. (Dkt. 49 at 3, ¶ 11). Finally, Ameriquest stopped writing loans in 2007 and did not have any employees who Navy Federal could have called in 2014. (Dkt. 48 at 6, ¶ 5). Griggs' complete lack of evidence fails to demonstrate any fraud, misrepresentation, or misconduct by Ameriquest or Ocwen.[4]

Griggs' argument that she was given an unrealistic time frame in which to pay-off the discounted loan amount also fails. The payoff deadline was explicit in the agreement agreed to by Griggs and was negotiated by her counsel. On January 2, 2014, Ocwen and Griggs agreed that

---

[4] The Court notes that Griggs' failure to pay the discounted payoff amount does not affect the remainder of the settlement agreement. The settlement agreement states that "If [Griggs] fails to timely deliver the Discounted Payoff Amount to Ocwen's counsel this Agreement shall remain in full force and effect." (Dkt. 48 at 15 at ¶ 1).

Griggs' loan would be reduced to a discounted amount if she paid it off by a certain date. (Dkt. 49 at 2, ¶ 5). Griggs' counsel reported that Griggs was able to pay-off the discounted amount in a short time period. *Id*. Ocwen proposed the original deadline for re-payment of January 31, 2014, which was later negotiated by Griggs' counsel to March 1, 2014. *Id*. The final version of the settlement agreement was provided to Griggs' counsel on January 17, 2014 with a March 1, 2014 deadline, which was later extended to April 14, 2014 per Griggs' mortgage broker's request for more time. *Id*. at ¶ 6. The April 14, 2014 deadline passed without payment by Griggs or a request for a further extension. (Dkt. 49 at 3, ¶ 11). In the end, Griggs was given almost 90 days from the time she received the settlement agreement on January 17, 2014 to pay-off the discounted loan by April 14, 2014. Moreover, she received every requested extension of the deadline. Because Griggs has no evidence to support her claim that the payoff deadline was unreasonably short, her motion in this regard is without merit.

Lastly, Griggs appears to be asserting separate, new claims of legal malpractice against her former lawyer for refusing to assist her in pursuing a reduction of principal and other claims, against Ocwen for an "illegal foreclosure scheme" that forced Griggs into a loan modification that increased her monthly payment, and against Ameriquest and Ocwen for intentional infliction of emotional distress in refusing her payments which negatively impacted her credit. Griggs cannot raise new claims that arose after the dismissal order in a Rule 60(b) motion. "Claims that arose after the judgment issued should be brought in a new action." *Rowser v. Ohio*, 2014 WL 4245948, at *3 (N.D. Ohio Aug. 26, 2014). Because Griggs' new claims arose after the district court dismissed this case and are unrelated to the claim that formed the basis of her complaint, they cannot form the basis of Rule 60(B) relief and must be brought in a new action. Also, Griggs' former counsel and Ocwen are not parties to this action, and "a Rule 60(b) motion is not the proper mechanism to raise new claims against non-parties." *McNeil v. Aguilos*, 1995 WL 406086, at *2

n.4 (S.D. N.Y. July 10, 1995).

## CONCLUSION

For the reasons set forth above, the Court recommends that Griggs' renewed motion to set aside and/or motion to enforce settlement (Dkt. 46) be denied.  Specific written objections to these proposed findings and recommendations may be served and filed within 14 days from the date this Report and Recommendation is served.  Fed. R. Civ. P. 72(b).  Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all issues addressed in the recommendation.  *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**E N T E R:**

**Daniel G. Martin
United States Magistrate Judge**

**Dated: February 7, 2017**